ADELAIDE COLT WILLIAMS ET AL. *vs.* THE COMMITTEE OF THE BAPTIST CHURCH IN THE CITY OF BALTIMORE.

*Charitable Uses—No Trust is Created by Testator's Suggestion as to the
Use to be Made of Legacy.*

A testator gave a legacy in absolute terms to a church corporation and added : " I suggest if the spire of the said church property be unfinished at the time of my death, that the funds received, or such part thereof as may be necessary, be used for the purpose of completing the same, and further suggests, if the spire is finished, that the said funds, or what may be left after completing the said spire, be invested by the said committee, and the income devoted to the work at the church mission, known as William's Chapel, but if the work has been abandoned, then said income to be used for the relief of the poor of the said church." *Held,* that this language does not in itself impart that the legatee took the gift impressed with a trust for any of the uses suggested, and it is also clear from the whole will that the testator did not intend to create a trust.

Appeal from a decree of Circuit Court No. 2 of Baltimore City (SHARP, J.), sustaining a demurrer to the bill of complaint and dismissing the same.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Edward I. Koontz* (with whom was *George Whitelock* on the brief), for the appellant.

*Vernon Cook* (with whom were *Gans & Hanan* on the brief), for the appellee.

PAGE, J., delivered the opinion of the Court:

In this case the testator, after making specific bequests of his furniture, clothing and books, directed that all the rest and residue of his estate should be " converted into cash," and bequeathed one-half thereof to the Maryland Baptist Union Association ; and the remaining half part he bequeathed in the following words to :

" The Committee of the Baptist Church in the city of Baltimore, a body corporate incorporated of the State of Maryland, commonly called the First Baptist Church of the city of Baltimore ; and I suggest if the spire or steeple of the said church property be unfinished at the time of my death, that the funds received, or such part thereof as may be necessary, be used for the purpose of completing the same, and further suggest if the spire is finished, that the said funds or what may be left after completing the said spire, be invested by the said committee, and the income devoted to the work at the church mission, known as 'Williams' Chapel,' but if the work has been abandoned, then said income to be used for the relief of the poor of the said church."

It is contended on the part of the appellant that under this clause of the will the Committee of the Baptist Church does not take an absolute beneficial interest in the sum so raised, but that a trust is created for the purposes there set forth. The bill charges that by the true construction of the clause,

the committee of the church did not take an absolute interest, but that the sum so bequeathed was to be used by it in its absolute and uncontrollable discretion, either for the completion of the spire, or for investment, and the devotion of the income therefrom in perpetuity to the work of the church mission, and in the event that it should not apply the sum to the completion of the spire, or the income thereof to the work of the church mission, then the income was to be used for the relief of the poor of the church.    It is also charged in the bill, that the committee did not apply any part of the sum to the completion of the spire, nor any part of the income to the work on the mission, but that it had applied the whole sum to the redemption of the ground rent on the ground covered by Williams' Chapel, and that in such case, the fund or the income not having been used for the completion of the spire, nor for the work of the chapel, a positive and mandatory trust attached to the fund for the relief of the poor of the chapel, and for no other purpose ; and that such trust being null and void for uncertainty, the said sum constitutes a trust fund held by the committee of the defendant for the benefit of those who are next of kin of the testator.

The contention therefore is that the fund in the hands of the Committee of the Baptist Church under the terms of the will is a trust fund, first, for the completion of the spire, or for the devotion of the income to the work on the chapel, if the committee should elect to do either ; or second, if it should not so elect, then for the benefit of the poor of the church.

In determining this question, it is the intention of the testator that must be sought for, and unless it can be ascertained from the language of the will taken alone, or in connection with other circumstances proper to be considered, that the testator intended to create a trust, no such trust can be found to exist. *Negroes Chase* v. *Plummer*, 17 Md. 165; *Saylor* v. *Plaine*, 31 Md. 164; *Nunn* v. *O'Brien*, 83 Md. 198; *Pratt* v. *Sheppard Asylum*, 88 Md. 622.

The main reason assigned by the counsel for the appellant for the claim that this cause creates, or was intended by the

testator to create a trust, is in the use of the word 'suggest,' which, it is insisted, must be regarded in the connection in which it is used as a precatory word. In considering what is the proper interpretation of this word as employed by the testator, it must be borne in mind that the bequest to the committee is without any limitation whatever, but is in terms that of themselves convey the grant of an absolute interest. The testator nowhere has said that the donation is made in trust. If, therefore, the subsequent words create a trust, they must do so by qualifying the terms which had been previously used, and undo that which he had previously done.

It must also be noted that the word "suggest," as it occurs in the clause, applies to all the provisions which are supposed 'o designate the objects of the trust and the uses of the fund. The testator "suggests" that the spire be finished, and if that is already done, that the income shall be devoted to the work on the chapel, and if the one has been finished and the other abandoned, he further suggests that the income be devoted to the relief of the poor of the church. Can the word "suggest," when used in this connection, without qualifying or explanatory words, be regarded as a precatory word, sufficient to create a trust as to property previously given absolutely?

We have been cited to no case, and have found none, where it has been so held. A suggestion alone, without other words or circumstances to affect the ordinary meaning, is a mere placing before another a matter for consideration, and under ordinary circumstances in nowise carries with it an expression of desire, will or entreaty, and here it seems to amount to no more than this. The testator gives the whole interest in the fund absolutely to the church; he places no restrictions upon it as to its use, but he does mention several matters for consideration, he "suggests" that a proper disposition would be to finish the spire, or apply the income to the chapel, not as a requirement upon the committee but as a matter for its consideration. So, also, in respect to the relief of the poor, there is no limitation imposed upon the committee but a mere suggestion as to what would be a proper use of the fund.

There is nothing in the word "suggest" either in its meaning as ordinarily employed, or as affected by the context of the will, that can be regarded as expressive of confidence or belief, or desire, or hope, or will, or as the equivalent of a word of entreaty or recommendation. "Suggest" is, in fact, therefore, not a precatory word at all, in the ordinary sense, and there is nothing in this will to justify us in attributing to it any other than its ordinary meaning. If this interpretation of this word be correct, there was no duty upon the committee to perform the acts suggested.

The several matters are suggested for the consideration of the committee, but it is left to the exercise of its own discretion whether any of them should be performed; and where that is the case and the prior disposition of the property imports absolute and uncontrollable ownership, Courts of equity will not create a trust from words even of a precatory character. *Nunn* v. *O'Brien*, 83 Md. 201.

But aside from this, there remains a serious difficulty in declaring that the clauses in question create a trust upon another ground. The claim of the appellant is that the clauses create a trust, but that such trust is void, because of the uncertainty of the objects. The controversy here is not as to the indefiniteness of the objects; that is conceded as to the use of the fund for the relief of the poor; but the question is, whether the testator intended to raise a trust. Now this Court in *Pratt* v. *Sheppard Asylum*, 88 Md. 627 has discussed clearly and exhaustively the difference between "a trust that is void for uncertainty, and an uncertainty that is simply indicative of the absence of an intention to create a trust." The Court there said: "Where it is sought to show by implication or from the use of precatory words following an absolute gift, that a trust was intended to be fastened on the gift, an uncertainty as to the object or as to the subject of the alleged trust, will be a reason, not necessarily conclusive, but still a reason, for holding that no trust was designed by the testator."

This principle, conformable as it is to the dictates of sound common sense, and amply supported by authority here and

elsewhere, ought to have full force and effect given to it, in a case like this, where the contention in favor of the trust rests on an expression so feeble to indicate a desire to create a trust as the word "suggest." In the absence of convincing proof to the contrary it cannnot be assumed that the testator intended to create a void trust.

If other terms had been employed, clearly indicating an intention of the testator to raise a trust, and the objects expressed were vague and uncertain, the next of kin would take, because it would be clear the legatee was not designed to have a beneficial interest. But when the gift is made to the legatee in absolute terms, it would be unreasonable to suppose that the testator thereafter, by the employment of a word of uncertain import in the connection it is used, intended to create a trust for objects so vague and uncertain as to be incapable of enforcement.

The clause is wholly nugatory and void as a devise, if it be held that it was the intention to create a trust, but if the word "suggest" be taken in its ordinary meaning it is clear that the intention of the testator was to present these several objects to the attention of the committee, as proper and worthy ones to receive the benefit of his donation ; but that it was not his purpose to place any limitation upon the absolute right of the committee to the exercise of its uncontrollable discretion.

Moreover it is clear that the testator, or the draftsman of his will, had a knowledge of what were apt words for the creation of a trust, though it is possible he might have had some confusion as to the description of the objects of the trust. In view of this, it is significant at least that in the previous bequests he gives one-half of the fund "in trust" to the Maryland Baptist Union Association, but when the bequest of the other half is made to the committee of the Baptist Church, the word "trust" is omitted, and instead is employed the word "suggest." It cannot be assumed that this change of expression was the result of accident or mistake. If it was not but the word "suggest" was deliberately used, instead of "trust," it would be impossible to hold that by a mere suggestion he intended to create a trust.

It follows from what we have said that we are of opinion that the legacy to the Committee of the Baptist Church is absolute and not subject to any trust, and the decree of the lower Court must be affirmed.

*Decree affirmed.*.

(Decided January 18th, 1901.)