WILL OF JANSEN: HOMBERGER, Trustee, Appellant, vs. WILLEY, Administrator, Respondent.

*May 4—June 5, 1923.*

*Wills: Construction: Absolute bequest with power of sale: Remainder upon death of devisee: Appeal: Final determination of county court.*

1. Under sub. 2, sec. 4031, Stats., providing that in counties having a population of over 15,000, in all cases not otherwise provided for, any executor, etc., aggrieved by any order, judgment, decree, determination, or denial of the county court shall have the right of appeal to the supreme court, a memorandum of the county court which set forth the court's views as to the proper construction of a will, together with findings of fact and conclusions of law, in which it was formally construed, was a final determination, from which an appeal was properly taken.
2. In construing a will there is no occasion for findings of fact and conclusions of law, and the better practice is to enter a formal order or decree.

3. A will by which testator gave the residue of his property to his wife absolutely with full power to sell at any time she saw fit, and in which there was a later clause that "I direct that after the demise of my . . . wife . . . the following property to be given to my son," is construed to give the wife an absolute estate without condition, the word "direct" in the later clause being construed as a mere expression of desire or wish of the testator to his wife.

APPEAL from a determination of the county court ôf Sauk county: JAMES H. HILL, Judge. *Affirmed.*

Construction of will.

*L. C. Gunderson* of Madison, for the appellant.

For the respondent there was a brief by *Grotophorst & Quale* of Baraboo, and oral argument by *Norman Quale.*

CROWNHART, J.   This case involves two questions: First, was the action of the county court a final determination of the matter from which an appeal will lie? Second, was the construction of the will by the county court proper?

. The county court, under date of September 27, 1922, filed a written memorandum, denominated "Opinion of the court in construction of will," setting forth the views of the court as to the proper construction of the will, and on the same day prepared and filed "Findings of fact and conclusions of law," in which the will was formally construed. Final judgment distributing the estate was entered October 31, 1922. Appeal was taken November 9, 1922, from the opinion, findings of fact, and conclusions of law of September 27th construing the will. The respondent contends that the appeal should be dismissed on the ground that the opinion, findings of fact, and conclusions of law was not a final determination from which an appeal would lie. The statute governing appeals from the county court provides as follows:

"Section 4031. . . . 2. In counties having a population of over fifteen thousand, in all cases not otherwise provided for, any executor, administrator, guardian, trustee, or any

person aggrieved by any order, judgment, decree, determination or denial of the county court shall have the right to have the same reviewed by writ of error or appeal from the county court to the supreme court."

As we view the action of the county court its purpose was the construction of the will, and the result, however denominated, was a final determination in construing the will. It is not the form of the determination but the nature of the adjudication that is to be considered. *Swarthout v. Swarthout,* 111 Wis. 102, 86 N. W. 558. There was no occasion in the county court for findings of fact and conclusions of law as such, and it would be better practice to construe a will by formal order or decree. That is true as to all final determinations in the county court from which appeals may be taken. However, we think the appeal was properly taken in this case, and this court has jurisdiction to proceed to the merits of the case.

The will construed contained two clauses which are in opposition, if the language is to be considered in its literal sense. The third clause of the will is as follows:

"I give, devise, and bequeath all the rest of my property, personal and real, whichsoever and wherever same may be, to my beloved wife, *Susan Jansen,* absolutely, with full power to sell at any time she may see fit."

The fourth clause provides:

"I direct that after the demise of my beloved wife, *Susan Jansen,* the following property be given to my son Edward Jansen"—

and then follow certain described properties which are included in the third bequest.

The third bequest uses apt terms to devise absolutely, and without condition of any kind, the property described to the widow. Not only is the property devised absolutely, but it is added that the wife shall have full power to sell at any time she sees fit. In order to carry out the clear

purpose of the testator in the third clause of the will and to give effect to the fourth clause, we must consider the evident intent of the testator. It would seem that he intended the wife to have the property in fee absolute with power to sell, but that in case the property was not sold upon her death, the testator expressed the wish or desire that she should provide that the son should inherit from his mother certain portions thereof, as described in the fourth clause of the will. So the word "direct" must be construed as the mere expression of a desire or wish of the testator to his wife. This construction is in line with well considered authority. 25 Ruling Case Law, 242; 2 Underhill, Wills, § 689; L. R. A. 1917C, 1001, 1004. The rule is stated in 1 Schouler, Wills (5th ed.) p. 703:

"When real estate is given absolutely to one person with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy."

In this case the testator's heirs were his wife and three sons. Each son was given $100 and the widow given the balance of the estate, amounting to a little over $13,000. Before his death testator had sold his farm to the oldest son and taken a mortgage back, which mortgage constituted the greater part of the estate. It seems probable the testator had in mind that his widow would devise his estate to the three sons, and that he thought the lands mentioned in the fourth clause of the will, adjoining the farm of the oldest son, ought to go to such son as his portion of his inheritance from the mother, and the testator thus indicated in his will. The county court correctly construed the will in accordance with this opinion.

*By the Court.*—The determination of the county court appealed from is affirmed.