[Civ. No. 5621. First Appellate District, Division Two.—May 7, 1926.]

In the Matter of the Estate of THOMAS L. HULL, Deceased. LEE D. HULL et al., Appellants; MARY M. HULL, Respondent.

[1] WILLS—DEVISE OF REAL PROPERTY TO WIFE—DIRECTION TO GIVE TO CHILDREN — ESTATES — CONSTRUCTION.—Where a testator gives and bequeaths certain real and personal property to his wife, and directs that at her death "she give said real property so given to her by me, or the remainder thereof," to their son and daughter, share and share alike, but no such direction is addressed to the executrix, and the language of the devise contains no words of limitation, a fee-simple estate in said real property is devised to the wife.

---

(1) 40 Cyc., p. 1585, n. 87, 88, p. 1586, n. 93.

APPEAL from a decree of final distribution of the Superior Court of Los Angeles County. John Perry Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edgar K. Brown and Leo B. George for Appellants.

C. M Frazier for Respondent.

LANGDON, P. J.—This is an appeal from a decree of final distribution in the matter of the Estate of Thomas L.

Hull, deceased. [1] Appellants object to the decree because it proceeds upon the theory that a fee-simple estate in certain real property was devised to Mary M. Hull by the last will and testament of Thomas L. Hull, deceased, her husband. The only question involved is the construction of certain language in the will, as follows:

"I give and bequeath to my beloved wife, Mary M. Hull, the house and lot situated at 328 West Colorado street, city of Glendale, state of California, described as follows, to-wit: Lot 10 in block C, Grand Valley View Tract, book 9, page 157 of maps of record in the recorder's office of Los Angeles county of said state, together with all improvements and personal property situated in and about it; and the sum of five hundred dollars in cash.

"At the death of said wife I direct that she give said real property so given her by me, or the remainder thereof, to my son, Lee D. Hull, and Anna May Hull, share and share alike."

The legal representative of Lee D. Hull and Anna May Hull contend for a construction of the will which will give the widow a life estate and the remainder to the other persons named.

The language of devise to the wife contains no words of limitation. It is also legally significant that the direction to give the property, or the remainder thereof, to the son is addressed to the devisee and not to an executor. In the case of *Estate of Mitchell*, 160 Cal. 618 [117 Pac. 774], quoting from another California case (132 Cal. 666 [61 Pac. 964]), it was said that, while the desire of a testator for the disposition of his estate will be construed as a command when addressed to his executor, it will not, when addressed to his legatee, be construed as a limitation upon the estate or interest which has been given him in absolute terms.

The language of the second paragraph quoted from the will confirms the previous devise, when it described the property as that which was "given her (the wife) by me (the testator)." Likewise, by the use of the words "or the remainder thereof," the testator recognized the effect of the previous devise as investing the wife with an absolute power of disposition.

While there is something to be said in favor of the position taken by appellants and the construction which they place upon the will, the situation thus presented is analogous to that presented in the case of *O'Donnell* v. *Murphy*, 17 Cal. App. 625 [120 Pac. 1076], in which it was said that the most that could be reasonably claimed for the evidence is that it possibly exhibits a case in which either of two opposite conclusions might be drawn by the trial court, in which case the appellate court is bound by the conclusion of the trial court.

The decree of distribution is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 6, 1926, and the following opinion then rendered thereon:

THE COURT.—Appellants' petition to have the above-entitled cause heard and determined by this court after judgment in the district court of appeal, first appellate district, division two, is denied, but such denial should not be taken as an approval of the statement in the opinion of the district court of appeal that the appellate court is bound by the conclusion of the trial court where, as here, the only question involved is one of law, viz., the construction of certain language of the will without the aid of extrinsic evidence.