WILL OF ZWEIFEL: SCHOMBERG and others, Appellants, vs.
GAENSLEN, Respondent.

*November 10—December 6, 1927.*

*Wills: Construction: Res adjudicata: Construction to determine*
*inheritance tax: Gift with power of disposal: Future estates.*

1. The will of a deceased person should be fairly construed accord-
ing to its true intent, and it cannot be changed by the court
against such intent by admission of the parties, or even by
stipulation of the parties.    p. 431.
2. The determination of the court fixing the inheritance tax due
under sub. (8), sec. 72.15, Stats., on the basis that the will
gave the testator's widow a life estate, made without any
contest and with the consent of the parties, was not *res*
*adjudicata* or binding on the rights of the parties in subse-
quent proceedings to construe the will.    p. 431.
3. In determining the real intent of the testator, the court should
consider the whole will and every part thereof.    p. 431.
4. When property is expressly or by necessary implication to be
spent by the primary legatee at his pleasure, a further limita-
tion is clearly hostile to the nature of the gift, the general rule
being that where there is a gift to a person indefinitely, with
a superadded power of disposal, the donee takes an absolute
estate.    p. 435.
5. Where a will giving all testator's property to his wife with full
power to sell, convey, and dispose thereof in fee and to
exhaust the whole estate if necessary for her own benefit,
gave directions as to the disposition of the residue remaining
at the death of the wife, and provided that said disposition
over should in no manner restrict the wife from disposing of
all or part of the estate "as she may see fit," the will created a
life estate, absolute in respect to the rights of creditors and
purchasers, but subject to the future estates provided for

therein, under sec. 232.08, Stats., and the widow's gift of a portion of the estate to her children during her lifetime for a good but not a valuable consideration was valid; but her attempted disposal of the remainder by bequest, contrary to the testator's directions as to the residue, was invalid, the right to "dispose" not including a disposition by will where the will indicates a contrary intent. p. 436.

6. Sec. 232.08, Stats., providing that an absolute power of disposition unaccompanied by a trust, given for life or for years, shall be changed into a fee absolute in respect to the rights of creditors and purchasers, but subject to future estates limited thereon, though made applicable to real estate only, shows the legislative purpose, which ought to be followed in the disposition of personalty. p. 436.

APPEAL from an order of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Reversed.*

The appellants seek review of an order of the court, rendered before conclusion of administration, pursuant to sec. 310.11, Stats., which order construes the will and decrees that certain transfers, made by the deceased executrix, were in violation of the terms of the will.

For the appellants there were briefs by *Emil J. Ludwig* and *Miller, Mack & Fairchild,* and oral argument by *J. G. Hardgrove,* all of Milwaukee.

For the respondent there was a brief by *Glicksman & Gold* and *F. E. Jenkins,* all of Milwaukee, and oral argument by *Nathan Glicksman.*

The following opinion was filed December 6, 1927:

CROWNHART, J. Jost Zweifel, a resident of Milwaukee county, died on February 25, 1920, at the age of seventy-nine years. He left a will, dated November 30, 1917. He left surviving, as his heirs at law, his widow, Emilie; a son, *Frederick J.;* a daughter, *Julia A. Schomberg,* and a granddaughter, *Meta E. Gaenslen. Meta Gaenslen* was nineteen years of age at the time of the death of Jost Zweifel. Her mother was a daughter of Jost Zweifel, and died when *Meta* was three days old. *Meta* was living with her grandparents

on her father's side, and had lived with them all her life. She frequently visited Grandfather and Grandmother Zweifel, and they treated her with affection, which was reciprocated. Emilie Zweifel was sixty-seven years of age at the time of her husband's death. She was nominated executrix of her husband's will, and letters testamentary were issued to her by the county court. Administration of the estate was not completed at the time of Emilie's death on July 21, 1924. She left a will in which she nominated her son, *Frederick*, executor, and, in case of his failure to act, her daughter, *Julia Schomberg*, as executrix of the will. Jost Zweifel and his wife had lived together for a period of over fifty years and had accumulated quite a large estate, something over $60,000 being held jointly, and over $100,000 in the name of the husband. Besides, the husband had made substantial gifts to his son, *Frederick*, and his daughter, *Julia*, and her husband, in contemplation of death. The testator had been in the dairy business and retailing milk, in which work the wife was an able and willing helper.

The will of Jost Zweifel was admitted to probate April 9, 1920. Ira S. Lorenz was appointed guardian *ad litem* of *Meta Gaenslen.* On October 20, 1920, a hearing was had to determine the amount of the inheritance tax. At that hearing Emil J. Ludwig, an attorney, appeared for the estate, Neele B. Neelen appeared as public administrator, and Ira S. Lorenz appeared as guardian *ad litem.* At the hearing Attorney Ludwig stated that it was the intention not to enter a final decree, and that it was his position that the widow's interest ought to be taxed as a life estate, stating further that, if she used part or all of the corpus, then at the time of the closing of the estate the state of Wisconsin would be entitled to any difference in the inheritance taxes, should there be any. The court fixed the inheritance tax based upon a construction of the will that the widow received a life estate thereunder, which tax was paid. This was evidently done in attempted compliance with sub. (8), sec. 72.15, Stats.

Now it is claimed by the respondent that this construction of the will is *res judicata* of the rights of the parties, and we are called upon to pass upon that question at the outset.

It will be noted that there were no proceedings under sec. 3791*a*, now sec. 310.11, Stats., providing for the construction of a will, but the determination of the court was for the purpose of fixing the inheritance tax. There was no contest, and all parties consented to this method of fixing the tax.

The will of a deceased person should be fairly construed according to its true intent. The will cannot be changed by the court against such intent by admission of the parties or even by stipulation of the parties. *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778. We are of the opinion that the proceedings in the county court were not for the purpose of construing the will, and that there was no binding construction thereof, except for payment of inheritance taxes presently due.

We are now called upon to construe the will under the well-defined rules of law that we should consider the whole will and every part thereof in order to determine the real intent of the testator. The portions of the will that require construction are the fourth, fifth, sixth, and seventh clauses, which read as follows:

"Fourth. I give, devise, and bequeath all my property and estate, real, personal, or mixed, of whatever name, nature, or kind the same may be and wherever the same may be situated, such as I may own, hold, or be in any way entitled to at the time of my death or my estate entitled to by reason of my death, to my wife, Emilie Zweifel, for her use and benefit, with full power and authority to sell, convey, and dispose of absolutely in fee any part or all of my real or personal property, or both, at such price and consideration and upon such terms and conditions as she may see fit and proper, vesting in my wife, Emilie Zweifel, full power and authority to execute deed or deeds of conveyance with or without covenants of warranty to all intents and purposes, and

"To incumber any or all of my real estate and to execute promissory note or notes, mortgage or mortgages in order

to incumber any part or all of my real estate for such sum and upon such terms and conditions as she may see fit and proper, all without any previous application to or license from any court or tribunal;

"To use so much or all of the income or of principal of my estate as she may see fit and proper, even if, by so doing, the whole of my estate should be exhausted, and whatever part or portion of my estate, real, personal or mixed, should not be sold, disposed of, or used by my wife at the time of her death, after the payment of the costs of her last sickness and funeral expenses, I give, devise, and bequeath the same as follows:

"(1) One third thereof to my son, *Frederick J. Zweifel,* if he be living at the time of the death of my wife, Emilie Zweifel; if not living at that time, then to such child or children of my son, *Frederick J. Zweifel,* as may be living at that time, in equal shares, their respective heirs and assigns forever; and in case my son, *Frederick J. Zweifel,* should predecease my wife, Emilie Zweifel, and leave no child or children living at the time of the death of my wife, Emilie Zweifel, then I give, devise, and bequeath said one-third part of the residue of my estate to my daughter, *Julia A. Schomberg,* her heirs and assigns forever.

"(2) One third thereof to my daughter, *Julia A. Schomberg,* if she be living at the time of the death of my wife, Emilie Zweifel; if not living at that time, then to such child or children of my daughter, *Julia A. Schomberg,* as may be living at that time, in equal shares, their respective heirs and assigns forever; and in case my daughter, *Julia A. Schomberg,* should predecease my wife, Emilie Zweifel, and leave no child or children living at the time of the death of my wife, Emilie Zweifel, then I give, devise, and bequeath said one-third part of the residue of my estate to my son, *Frederick J. Zweifel,* his heirs and assigns forever.

"(3) One third thereof to my grandchild, *Meta E. Genslen* (daughter of my deceased daughter, Meta E. Genslen), in case she survives my wife and attains the age of twenty-five years;

"(3-a) In case, however, said *Meta E. Genslen* should die before the age of twenty-five years without leaving any child or children, I give, devise, and bequeath said one-third part of the residue of my estate to my son, *Frederick J. Zweifel,*

and my daughter, *Julia A. Schomberg,* in equal shares, their respective heirs and assigns forever;

"(3-b) In case, however, said *Meta E. Genslen* should predecease my wife, Emilie Zweifel, I give, devise, and bequeath said one-third part of the residue of my estate to such child or children of said *Meta E. Genslen* as may be living at the time of the death of my wife, Emilie Zweifel, if any, their respective heirs and assigns forever;

"(3-c) In case, however, said *Meta E. Genslen* should be living at the time of the death of my wife, Emilie Zweifel, and should die before she attains the age of twenty-five years, I give, devise, and bequeath said one-third part of the residue of my estate to such child or children of said *Meta E. Genslen* as may be living at the time of the death of said *Meta E. Genslen,* if any, in equal shares, their respective heirs and assigns forever;

"(3-d) The net income of said one third given to my grandchild, *Meta E. Genslen,* which may accumulate after the date of the death of my wife, Emilie Zweifel, is to be paid to said *Meta E. Genslen,* if living, annually after she attains the age of twenty-one years.

"Fifth.   The provisions herein made for my children and grandchild are in no wise or manner whatever to be any restriction upon my wife and in no wise or manner whatsoever to estop my wife from selling, conveying, using, incumbering, and disposing of my estate in whole or in part in any manner as she may see fit and proper, but is to apply only to such rest, residue, and remainder not used by my wife or that remains undisposed of by my wife at the time of her death.

"Sixth.   In case it should be necessary to have a guardian appointed for my grandchild, *Meta E. Genslen,* so far as the same may apply for the share due her from my estate or any part thereof before she attains the age of twenty-five years, I desire that my son, *Frederick J. Zweifel,* be appointed as such guardian, and in case of his death, resignation, or inability to act as such guardian, I desire that my daughter, *Julia A. Schomberg,* be appointed such guardian in his place and stead, and that neither of them shall be required to furnish any bond, undertaking, or security as such guardian.

"Seventh.   I give my executrix or her successor as such full power and authority to sell and convey any or all of my real estate, wherever situated, for such price and considera-

tion and upon such terms and conditions as my executrix or her successor as such may see fit and proper, without any previous application to or license from any court, judge, or tribunal, vesting in my said executrix or her successor as such full power and authority to sell and convey the same by deed or deeds of conveyance with or without covenants of warranty of such other instrument or instruments as may be necessary, to all intents and purposes."

It is the contention of the appellants that the words in the fourth clause,—"I give, devise, and bequeath all my property and estate, real, personal, or mixed, . . . to my wife, Emilie Zweifel, for her use and benefit, with full power and authority to sell, convey, and dispose of absolutely in fee any part or all of my real or personal property, or both," and "to use so much or all of the income or of principal of my estate as she may see fit and proper, even if, by so doing, the whole of my estate should be exhausted, and whatever part or portion of my estate, real, personal, or mixed, should not be sold, disposed of, or used by my wife," should be construed to give an absolute estate in the wife, and counsel for appellants point to the language in the fifth clause as interpreting the will to the same effect.

On the other hand, counsel for respondent contend that the language of the fourth clause, permitting Emilie to dispose of the property, is modified by the condition "at such price and consideration and upon such terms and conditions as she may see fit and proper," so that the will should be treated as giving a life estate to the widow with power to dispose of only at a price, and that construction, counsel contend, is supported by the language in the seventh clause, to the effect that "I give my executrix or her successor as such full power and authority to sell and convey any or all of my real estate, wherever situated, for such price and consideration and upon such terms and conditions as my executrix or her successor as such may see fit and proper" to convey, etc.

We have read this will with great care, to determine, as

best we may, the intent of the testator. In doing this we must be guided by certain rules of law, well established, and by the statutes of this state.

It was held by this court in *Slaughter v. Bernards,* 97 Wis. 184, 198, 72 N. W. 997, that—

"When property is expressly or by necessary implication to be spent by the primary legatee at his pleasure, a further limitation is clearly hostile to the nature of the gift."

That is a general rule, supported by the decisions of this state and elsewhere, but the question arises, Was the primary legatee permitted to spend the property at her pleasure? In considering this question it seems plain that the testator construed his own will in that regard, by its fifth clause. It provides:

"The provisions herein made for my children and grandchild are in no wise or manner whatever to be any restriction upon my wife . . . from . . . disposing of my estate in whole or in part in any manner as she may see fit and proper, but is to apply only to such rest, residue, and remainder not used by my wife or that remains undisposed of by my wife at the time of her death."

This language is not inconsistent with the other provisions of the will, nor is it inconsistent with the relations existing during the long married life of the testator and his wife. It is clearly evident that the testator did not desire to hamper his wife in any manner in disposing of the property as she might desire; hence she could give the property away to charity, or for educational or religious purposes, or to her relatives, without condition. The intent of the fifth clause is as positive, comprehensive, and certain as the English language can make it, and we see no escape from the interpretation of his will therein made by the testator himself.

It is a general rule that "where there is a gift to a person indefinitely, with a superadded power of disposal, the donee takes an absolute estate." 31 Cyc. 1089. Also see *Moran v. Moran,* 143 Mich. 322, 106 N. W. 206, 5 L. R. A.

N. S. 323 and note; *Will of Jansen,* 181 Wis. 83, 86, 193 N. W. 972.

We would find great difficulty in escaping from the effects of these decisions, giving to the wife an absolute estate, if it were not for the statutes, ch. 232, on Powers, which controls the disposition of real estate.   So far as the real estate is concerned, sec. 2108, now sec. 232.08, Stats., seems to be applicable to the provisions of this will.   It provides:

"When an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or for years such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon in case the power should not be executed or the lands should not be sold for the satisfaction of the debts."

The will, as we interpret it, gives the widow absolute power of disposition, not accompanied by any trust.   But the provisions in the will for the remainder of the estate existing at the death of the widow we think clearly express the intent of the testator to create a future estate in his heirs, as therein directed.   The result, therefore, is to create a life estate, absolute in respect to the rights of creditors and purchasers, but subject to the future estate provided by the will. The statute only applies to real estate, but we think the statute shows the legislative purpose, which ought to be followed in the disposition of personalty.

The widow disposed of a portion of the estate by gift, during her lifetime, to her son and daughter.   This was for a good consideration, not a valuable consideration, but under the absolute power of disposition the widow was within her rights in making such disposition.   By her will the widow attempted to dispose of the remainder of the estate by bequest to her son and daughter and others.   This disposition is contrary to the intent of the testator as we have determined that intent, and it is contrary to the statutes so far as it affects real estate.   We recognize that the term "dispose" is a broad and comprehensive term, and it is some-

times held to include disposition by will; but where the language of the will is such as to indicate a contrary intent, it will not be given such a broad construction.

A further question is brought here on appeal with reference to the refusal of the court to issue letters testamentary to *Julia Schomberg,* nominated in the will as executrix of the estate in case the widow and *Frederick J. Zweifel* should fail to act. If the interpretation of the will of Jost Zweifel made by the county judge had been correct, we should feel that such refusal was justified under the facts and circumstances before him, but under the interpretation of the will as here given, we hold *Julia Schomberg* is entitled to administration of her father's estate.

*By the Court.*—The order of the county court is reversed, for further proceedings in accordance with this opinion.

On February 7, 1928, the mandate of December 6, 1927, was amended by adding thereto the following: Respondents' costs in this court to be paid out of the estate.