[S. F. No. 13942. In Bank.—October 30, 1931.]

In the Matter of the Estate of HENRIETTA FARELLY, Deceased. ELIZABETH BLAKESLEE et al., Appellants, v. MARTHA C. ALLEN et al., Respondents.

Stanislaus A. Riley and Henry F. May for Appellants.

Fitzgerald, Abbott & Beardsley for Respondents.

SHENK, J.—This is an appeal from a decree of final distribution.

Henrietta Farrelly, a widow, died on December 17, 1927, in the county of Alameda, leaving a substantial estate therein. Her husband, Robert S. Farrelly, had predeceased her. She left no parent nor issue, but left collateral heirs. Her husband likewise left no parent nor issue, and also left collateral heirs. The estate consists entirely of community property of the spouses. Mrs. Farrelly, hereinafter called the decedent, left a will dated November 6, 1926, in which numerous bequests were made to relatives and others and by which the entire estate was, or was attempted to be, disposed of. Charles H. Hale and Amzi B. Cary of San Leandro were named executors. The nineteenth and twentieth clauses of the will provide as follows:

"Nineteenth. All the rest, residue and remainder of my property of every kind and nature and wheresoever situate, I give, devise and bequeath to my said nieces Mattie C. Allen and Maude T. Pesante, share and share alike. If said residue shall not exceed one-third of my estate I direct that the same shall be expended for charitable or philanthropic purposes and in accordance with my views as expressed. If such residue shall exceed one-third of my estate, I direct that said one-third of my estate shall be expended as in this item provided, and the excess thereof shall be expended by them as I may suggest to them hereafter.

"Twentieth. In the event the Home Place which is that certain tract of land consisting of fifty acres, more or less, and now occupied by me and my late husband as our late residence for many years and fronting on East Fourteenth

Street near Stanley Road, be not sold during the administration of my estate, I give, devise and bequeath the same to Charles H. Hale, but in trust however, to manage and control the same, and I direct that he sell said property at the earliest possible time consistent with his judgment and discretion, and upon the completion of said sale the net proceeds in cash derived from said sale shall vest in and become the property of my nieces Mattie C. Allen and Maude T. Pesante, share and share alike, but it is my wish that said proceeds from said sale be expended for charitable or philanthropic purposes and in accordance with my views as heretofore expressed, and thereupon said trust herein created shall terminate. The creation of this trust on said conditions shall in no way be inconsistent with a sale of said property by my said executors during and pending the administration of my estate.''

After the will was executed, but on the same day, the decedent addressed a letter to Martha C. Allen, which is as follows:

''Mrs. Mattie C. Allen, Brooklyn Township, Alameda County, California. My dear niece: In my will I have mentioned that I would leave a letter addressed to you with reference to the disposition of certain property, and this is the letter.

''I would like to have the house and lot on Tenth Street near Jefferson Street in Oakland, California, used for some charitable or philanthropic purpose. The only purpose that occurs to me now that it might be put to is a place where trained nurses temporarily out of employment might find a home.

''The six acre piece in San Leandro, I should also like to have devoted to some use which generally I should define as being made useful for children and young people, if such use can be found, and provided, of course, that I do not dispose of the same prior to the taking effect of my will.

''You will note that I have left the residue to you and to Maude T. Pesante to carry out the purposes herein set forth. You will discuss and counsel with Maude T. Pesante, I know, in connection with these things.

''The above charitable purposes are only suggestions on my part. After investigation and advising with Maude T. Pesante and others who may be competent to advise with

you, you may find a better use for each or all of these properties, but you know my general desire in the matter and I leave it to your good judgment.

"If other suggestions occur to me I will add them and leave them with this letter."

The will was admitted to probate. The final account and petition for distribution was filed by the executors, in which, among other things, it was prayed that the residuary estate be distributed to Martha C. Allen and Maude T. Pesante, nieces of the decedent, share and share alike. An answer to the petition was filed by certain heirs at law and next of kin of Robert S. Farrelly, the deceased husband, opposing and contesting the petition for distribution and claiming to be entitled to the residuum specified in the nineteenth clause of the will, on the ground that the decedent had by said clause attempted to devise and bequeath the residue of her estate in trust for certain unnamed and undesignated charitable or philanthropic purposes and uses; that said residuary clause was uncertain, indefinite, unenforceable and void and that as to said residuary estate the decedent died intestate. Upon a hearing of the petition and answer the court found and concluded that by the nineteenth clause of said will the decedent had made an absolute devise and bequest to Martha C. Allen and Maude T. Pesante of the entire residuum, share and share alike. A decree was entered accordingly. The heirs at law and next of kin of the deceased husband have appealed from said decree.

The appellants contend that by the nineteenth clause of the will the decedent intended to create a trust for the purposes and objects mentioned therein; that the attempt was futile for the reason that the proposed trust is void for uncertainty and that intestacy as to the residue has resulted. It is conceded by all parties to the litigation that if the decedent intended to create a trust, the trust so intended is void for uncertainty. It is also conceded by the respondents that if a trust was intended to be created, intestacy as to the residuary estate has resulted; but it is their contention that when the will as a whole and the attending circumstances are properly considered, it must be declared that no trust was intended to be created and that the residuary legatees take beneficially in equal shares.

■ Section 1317 of the Civil Code provides that "a will is to be construed according to the intention of the testator". On the face of the will in question uncertainty is created as to the disputed point. In such case "the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations". (Civ. Code, sec. 1318.) Section 1322 of the Civil Code provides: "A clear and distinct devise or bequest cannot be affected . . . by any other words not equally clear and distinct, or by inference or argument from other parts of the will. . . . " The first sentence of the residuary clause is as follows: "All the rest, residue and remainder of my property of every kind and nature and wheresoever situate, I give, devise and bequeath to my said nieces Mattie [Martha] C. Allen and Maude T. Pesante, share and share alike." If the testatrix had stopped here no question of uncertainty could arise. No words could express more clearly or distinctly the absolute character of the testamentary intent that Mrs. Allen and Mrs. Pesante take beneficially in equal shares. Inferences and much argument are indulged by counsel by reason of the second and third sentences. If it were not for these sentences the case would not be here. The second sentence seems to reflect the thought of the decedent, or her draftsman, that the inhibition of section 1313 of the Civil Code must be avoided. But that could have no application now, for the decedent's death occurred more than six months subsequent to the execution of her will, and she left no husband, parent or issue, as contemplated by the amendment of said section in 1919 (Stats. 1919, p. 324).

When we conclude, as we must, that the first sentence in the nineteenth clause is clear and distinct as a gift absolute, beneficially and in severalty, it would necessarily follow that it must stand as the decedent's clearly expressed intent, unless the second and third sentences are in irreconcilable conflict with the first sentence (sec. 1321, Civ. Code), or express an equally clear and distinct contrary intent. It must be conceded that an irreconcilable conflict exists if a trust was created, or was intended to be created, as the appellants contend, but that no such conflict exists if no trust was intended, as argued by the respondents.

The question, therefore, presented is whether the decedent by said second and third sentences intended to create a trust.

It is not disputed that the words of the will and the attending circumstances must be the guide. There is some dispute as to whether the letter to Mrs. Allen executed on the same day as, but after, the will, may be considered as an attending circumstance, but we incline to the view and hold that it may be so considered in view of the fact that it was received by the trial court apparently without objection and in a sense was a part of the same transaction. It may not be considered as part of the will itself, but may be resorted to for whatever light it may throw upon the question of the intention of the decedent.

In *Estate of Marti*, 132 Cal. 666 [61 Pac. 964, 966, 64 Pac. 1071], it was said: "The authorities all agree that when an absolute estate has been conveyed in one clause in a will, it will not be cut down or limited by subsequent words, except such as indicate as clear an intention therefor as was shown by the words creating the estate. Words which merely raise a doubt or suggest an inference will not affect the estate thus conveyed, and any doubt which may be suggested by reason of such subsequent words must be resolved in favor of the estate first created. This rule of construction controls the rule that an interest given in one clause of a will may be qualified or limited by a subseuqent clause. (Citing cases.) The rule has been formulated, in this state, in section 1322 of the Civil Code, which declares that a clear and distinct devise or bequest cannot be affected by any other words not equally clear and distinct, or by inference or argument from other parts of the will." In that case the expression of a "desire" on the part of the testator was held to be precatory. It was recognized, however, that precatory words annexed to a bequest or a devise might impose an imperative obligation, and exclude the exercise of discretion with reference to the act in question. Likewise the use of the word "direct" has, under some circumstances, been held to be precatory when addressed to the legatee or devisee and not to the executor. (*Estate of Hull*, 77 Cal. App. 792 [247 Pac. 1093]; *In re Jansen*, 181 Wis. 83 [49 A. L. R. 5, 193 N. W. 972].) The expression of a desire, wish, recommendation, assurance, request, etc., is *prima facie* precatory in character. (*Estate*

*of Marti, supra.*)  Also a "direction" *prima facie* imports a command, and when given effect is sufficient to impose a trust.  A hard-and-fast rule may not be laid down as applicable to all cases.  Each case must be controlled by its own facts, and we have found no case so similar to the present one as to be controlling.

What did the decedent in this case intend by the use of the words "I direct" and "shall be expended . . . in accordance with my views as expressed" in the second sentence, and "as I may suggest to them [Mrs. Allen and Mrs. Pesante] hereafter", in the third sentence?  If the words in the second sentence, "as expressed", referred to any views disclosed contrary to the direct bequest in other parts of the will, it must be said that we find none therein.  If the words above quoted and relied upon by the appellants were intended to create a trust, it is significant that in the twentieth clause of the will apt words to create a trust in Charles H. Hale as to the fifty-acre "Home Place" on East 14th Street were employed, viz: the words, "but in trust however".  If the decedent desired to create a trust under the nineteenth clause, why was the intention not as clearly expressed therein as in the twentieth clause? It may here be noted that the twentieth clause provides that upon the sale of the "Home Place" by the trustee the net proceeds of the sale "shall vest in and become the property of my nieces, Mattie C. Allen and Maude T. Pesante, share and share alike", but it is "my wish" that the proceeds "be expended for charitable or philanthropic purposes, and in accordance with my views as heretofore expressed".  It is not urged by the appellants that the twentieth clause created or was intended to create a trust in the nieces for charitable or philanthropic purposes, and it must be taken that they concede that this clause does not have that effect.  If no trust was intended as to the proceeds of this undoubtedly very valuable piece of property, then it may very well be inquired why was a trust intended, as appellants contend, as to the residuary estate? The answer would seem to be that if a trust was not intended as to the one, likewise it was not intended as to the other. (See *In re McVeigh's Estate,* 181 Mo. App. 566 [164 S. W. 673] ; *Williams* v. *Committee of Baptist Church,* 92 Md. 497 [54 L. R. A. 427, 48 Atl. 930].)

When we resort to the letter of November 6, 1926, above quoted, for the purpose of gaining what light it may afford in ascertaining the intention of the decedent, we find the use of the words "I would like to have" a certain house and lot "used for some charitable or philanthropic purposes". Also "I should also like to have" a certain six-acre piece "devoted" to a similar use; and "the above charitable purposes are only suggestions on my part . . . but you know my general desire and I leave it to your good judgment".

It may be conceded that in the absence of the first sentence of the nineteenth clause, the wording of the subsequent sentences in that clause might well be held to intend the creation of a trust and that the wording of the letter would not be inconsistent therewith, but the letter is likewise consistent with the conclusion that no trust was intended, that an obligation was likewise not intended and that the decedent left performance to the good faith of the legatees without interference on the part of a court of equity. (See *Kauffman* v. *Gries,* 141 Cal. 295 [74 Pac. 846].)

The appellants point to the fact that Mrs. Allen and Mrs. Pesante were made legatees under the third and fourth clauses of the will and the deduction is urged that it could not have been the intention of the decedent again to make absolute gifts to them. The fact noted is undisputed, but the deduction cannot reasonably be made for the reason that under the twentieth clause the decedent likewise made additional absolute gifts of a very substantial portion of the estate to the residuary legatees.

Under the early English rule precatory words were seized upon to impress a trust, as reflected in *Briggs* v. *Penny,* 3 Macn. & G. 546, 42 Eng. Rep. 371, relied on by the appellants. At that time the use of such words, it would seem, was held to create a presumption of trusteeship. But that rule was departed from and the Briggs case was expressly not followed in the later case of *Stead* v. *Mellor,* 5 Ch. Div. 225.

Further citation of authority would seem to be unnecessary, except on a further point. Section 1326 of the Civil Code provides: "Of two modes of interpreting a will, that is preferred which will prevent a total intestacy."

The same rule has been applied to partial intestacy. (*O'Connor* v. *Murphy,* 147 Cal. 148 [81 Pac. 406]; *Estate of Heberle,* 153 Cal. 275 [95 Pac. 41].)

We conclude that the question whether the decedent intended to create a trust must be resolved in favor of testacy and that the trial court was justified in placing the construction which it did on the disputed language of the will.

The decree is affirmed.

Richards, J., Curtis, J., Langdon, J., Seawell, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.