[Civ. No. 11228. First Appellate District, Division Two.—November 27, 1939.]

In the Matter of the Estate of SUSAN A. JUDSON, Deceased. MARIETTA G. JUDSON, Appellant, v. PEARL JUDSON SOMERS, as Executrix, etc., Respondent.

Walter Shelton, David J. McDaniel, A. Terkel and J. L. Bradley for Appellant.

Wesley W. Kergan for Respondent.

STURTEVANT, J.—After the last will and testament of Susan A. Judson, deceased, had been admitted to probate, the executrix filed a petition asking to be instructed as to her duties as executrix in carrying out the instructions of the decedent as contained in the thirteenth paragraph of said will. That paragraph is as follows: ''I hereby authorize and direct the executrix or executor of my will, during the administration of my said estate and prior to any distribution thereof, to pay to my said son, Chester W. Judson, and my daughter, Pearl Judson Somers, respectively, *the sum of One Thousand ($1000) Dollars a month from any moneys or property in my said estate not specifically devised or bequeathed.''* (Emphasis ours.)    At the time the petition was filed Chester W. Judson was dead, in fact he died before the death of the testatrix.    However, he left surviving him his daughter Marietta G. who is at the present time of the age of twenty-four years.    After hearing the petition the trial court was of the opinion that it had power to order $1,000 paid to Pearl Judson Somers but that it had no power to order $1,000 paid to the daughter of Chester W. Judson because to do so would be to substitute her as a beneficiary in the place of her father. The court therefore made an order as follows: ''It is hereby ordered, adjudged and decreed, that said Pearl Judson Somers, as such executrix, in accordance with the provisions of the

thirteenth (13th) paragraph of the last will and testament of said decedent, shall, and she is hereby instructed to pay the sum of One Thousand Dollars ($1000) in each calendar month to herself commencing with the month of July, 1938, and she is further instructed that Marietta G. Judson is not to be paid anything under the provisions of said paragraph of decedent's last will and testament.'' From that order Marietta G. Judson has appealed. ▮ In concluding that an order to pay $1,000 per month to Marietta G. Judson would be to substitute her as beneficiary in the place of her father, we think the trial court erred. The provisions of the will created her rights.

The testatrix died possessed of a fortune of $750,000 or thereabouts. She made a number of specific bequests. After allowing for the payment of all claims, expenses of administration, all estate and inheritance taxes in the probate proceeding, as well as the specific legacies set forth in the will, the proximate value of the estate is $300,000. Having made said specific bequests, in paragraph six she bequeathed ''onehalf of the residue'' to her daughter Pearl Judson Somers. In paragraph seven she bequeathed ''the remaining half'' of the residue to Mercantile Trust Company in trust for her son Chester W. Judson. In the event that Chester did not survive her the will provided that the bequest to him should pass to his issue to be paid when such issue attained the age of twenty-five years. It is patent therefore that the testatrix had bequeathed every part and portion of her estate. However, she inserted paragraph thirteen, hereinabove set forth. Reading it in the light of the foregoing provisions of the will, it is clear said paragraph does not contain a bequest but it does contain definite instructions and authority regarding the payment, in monthly instalments, of the bequests made in paragraphs six and seven to the testatrix's daughter and son. These views are reinforced by the last portion of said paragraph thirteen which authorized the representatives of the testatrix to pay '' . . . *the sum of $1000 per month from any money or property in my said estate not specifically devised or bequeathed''*, that is, out of the residue. As to her son, the testatrix inserted spendthrift trust clauses. To her son and to her daughter she bequeathed to each a home. These facts, while not conclusive, lead to the conclusion that the payment to each of $1,000 monthly pending the adminis-

tration of the estate was for the purpose of maintenance and support. But it is clear that in the event of the death of her son his daughter needed maintenance and support. Nothing is contained in said paragraph nor in any other part of the will showing the payment authorized to be made to the son should not, in the event of his death, be made to his surviving daughter. As recited above other provisions of the will clearly showed the daughter of Chester should, upon his demise, take his estate and furthermore that when she attained the age of twenty-five years the absolute title should vest in her. There is nothing in the will that shows the son's daughter was, in the event her father died before the testatrix, to take less than the estate bequeathed to him.

The views just expressed find full support in section 92 of the Probate Code. In so far as pertinent that section provides: "Sec. 92. . . . when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, . . . such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator."

Any other construction would lead to the decedent's daughter receiving first, $1,000 per month pending the administration and then, in the language of the will, "one-half of the residue". The will contains no provisions indicating that intention. Furthermore to adopt the construction just mentioned would be in effect to hold that paragraph 13 created an independent bequest out of the estate bequeathed in paragraphs 6 and 7. The will contains no expressions supporting that construction. The same contention was made in *Estate of Granniss*, 142 Cal. 1, [75 Pac. 324]. On page 6 the court said: "But the gift and bequest to his daughter in the second clause is explicit, and without any words of limitation or qualification, and all the authorities agree that when the absolute estate has been conveyed in one clause of the will it will not be cut down or limited by subsequent words, except such as indicate as clear an intention as would the words used in creating the estate. Words which merely raise a doubt or suggest an inference will not affect the estate thus conveyed, and any doubt which may be suggested by reason of such subsequent words must be resolved in favor of the estate first conveyed." The court then cited many rules. It con-

cluded by stating, on page 7, the following: "It is very plain from these rules of construction that what was said by the testator in item fourth of the will cannot control or in any way affect the plain and explicit declaration contained in the second, wherein he declares that all of the rest, residue, and remainder of his estate, both real and personal, and wherever situated, goes to his daughter, Harriet Granniss Center." (See, also, *Estate of Farelly,* 214 Cal. 199 [4 Pac. (2d) 948].)

The order appealed from is reversed and the trial court is directed to enter an order not inconsistent herewith.

Nourse, P. J., concurred, and Spence, J., concurred in the judgment.