The **FIRST NATIONAL BANK OF JANESVILLE, a National Banking Corporation, as Executor in the Estate of Joseph A. Craig, deceased, Plaintiff,**

v.

**E. J. NELSON, District Director of Internal Revenue, Defendant.**

**No. 63–C–140.**

United States District Court
E. D. Wisconsin.

Sept. 29, 1964.

William S. Wood, Nowlan, Mouat, Lovejoy, McGuire & Wood, Janesville, Wis., Clifford Pedderson, Pedderson, Menzimer & Conde, Rockford, Ill., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., and C. Moxley Featherston, David A. Wilson, Jr., and Daniel J. Dinan, Attys., Dept. of Justice, Washington, D. C., and James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action for refund of estate taxes paid because a marital deduction was disallowed by the Internal Revenue Service. The legal issues are before the court on cross motions for summary judgment by the plaintiff and by the defendant, the parties having stipulated all facts and waived oral argument.

On April 12, 1946 Joseph A. Craig and Florence D. Hilborn entered into an antenuptial agreement. Under this agreement Florence D. Hilborn agreed to accept one-third of Craig's net distributable estate or $100,000.00, whichever sum was smaller, in lieu of all rights she might have in Craig's estate. This agreement also contained the following paragraph:

"The said Florence D. Hilborn further promises and agrees that she will keep a separate account and record of the assets and distributive share received by her from the estate of said Joseph A. Craig and a record of all income thereof and of all expenditures therefrom so that said assets and all reinvested proceeds thereof at all times may be reasonable (sic) identified. She does further agree that upon her death, she will give, devise and bequeath by proper will all of the remainder of said assets and reinvested proceeds thereof and all unexpended income therefrom to the residuary beneficiaries of Joseph A. Craig all as provided under the terms and provisions of the last will and testament of said Joseph A. Craig."

On October 18, 1957 Joseph A. Craig executed a will which contained the following provision:

"*SEVENTH*: I bequeath to my wife, Florence D. Hilborn Craig, if she survives me, the net sum of One Hundred Thousand Dollars ($100,-000.00), exclusive of all charges, taxes, and deductions, pursuant to our Antenuptial Agreement entered into on the 12th day of April, 1946, by and between Joseph A. Craig and Florence D. Hilborn, wherein said Florence D. Hilborn agreed to accept such sum in lieu of any and all her rights of dower and any and all other rights, interests, dower and claims in and to the real estate or personal property of said Joseph A. Craig as his widow, as his surviving joint tenant, or as his next of kin."

Joseph A. Craig died on December 30, 1958 and his will was admitted to probate on February 3, 1959.

The question involved in this action is whether the bequest of $100,000.-00 to Florence D. Hilborn is a proper marital deduction under Section 2056 of the Internal Revenue Code.

The language of Joseph A. Craig's will is absolute in bequeathing $100,000.00 to his wife. Any limitation of Mrs. Craig's estate could arise only if the antenuptial

agreement is incorporated by reference into the will. The plaintiff argues that the antenuptial agreement is not so incorporated into the will. Plaintiff asserts that even if the agreement were incorporated into the will any limitation thereby created would not defeat the marital deduction claimed by Craig's executor. Since it appears that the plaintiff is correct in its position, it is unnecessary to decide whether the antenuptial agreement was incorporated by reference into the will.

## I.

The argument of the District Director is that the bequest in Craig's will is limited by the provision in the antenuptial agreement by which Mrs. Craig agreed to will the remainder of the bequest to her to the residuary beneficiaries named in Mr. Craig's will. This limitation, it is argued, works to create a life estate in Mrs. Craig and a remainder in the residuary beneficiaries. The effect of this would be that Mrs. Craig had a terminable interest under Section 2056 (b) (1) of the Internal Revenue Code and that consequently the marital deduction was properly disallowed.

The plaintiff, on the other hand, argues that no interest passed from the decedent to any person other than the surviving spouse.

The residuary beneficiaries named in Craig's will received a contract right and not an interest in the property bequeathed to the widow.

Plaintiff's position is supported by Newman v. United States, 176 F.Supp. 364 (S.D.Ill., 1959). That case involved a wife's will executed in consideration of her husband's mutual will. She willed all of her property to her husband, but if her husband predeceased her then her property was to go to their children. The wife died first and the court held that the estate taken by the husband qualified for the marital deduction.

In answer to the Government's contention that the wife's will did not pass a fee estate to the husband and that he was prevented from making a testamentary disposition of his property other than as provided in the contract resulting from the mutual wills, the court stated, at page 366, that the will

" * * * places no restraint on what he can do with the property after he acquired title. The fact that property acquired through his estate may have included property disposed of by her will in no wise affects the quality of the title acquired by him. The quality of the title as of the date of her death is the matter involved here, not contract rights which have been fully carried out by the probate of his will."

In Estate of James Mead Vermilya v. Commissioner, 41 T.C. 226, a joint will gave property to the surviving spouse absolutely and contained a provision that on the death of the survivor the property should go to certain named persons. Under local law a joint will gave rise to a contractual right. The court noted a distinction between specific property subject to a contract to devise and general property subject to such a contract. As to general property the court stated that the beneficiary of the contract had no interest during the lifetime of the promisor. The Tax Court concluded, at page 232:

" * * * Thus if a decedent leave property to his spouse, that property is not disqualified for the marital deduction as a 'terminable interest' merely because it would, if held until the death of the second spouse be subject to a contract to leave all property owned at death in a certain manner."

These cases are applicable here. Here the residuary beneficiaries of Craig's estate had only a contract right. Nothing passed to them from the decedent. Mrs. Craig contracted to bequeath whatever was left of the bequest to her.

This right ripens at the death of Mrs. Craig.

## II.

The Government also argues that the power Mrs. Craig possessed to dispose of the bequest did not amount to a power to appoint exercisable "in all events" under Section 2056(b) (5) of the Internal Revenue Code. The limitation created by the contract to devise and bequeath could affect only the power of testamentary disposition. During her lifetime, Mrs. Craig was free to dispose of her bequest as she pleased. Under Wisconsin law, a power of disposition that enables the grantee during his lifetime to dispose of the entire fee for his own benefit is deemed an absolute power. Wisconsin Statutes, Section 232.12. If, as the Government argues, Mrs. Craig had a life estate, her interest would be converted into a fee "absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon in case the power should not be executed or the lands should not be sold for the satisfaction of the debts." Wisconsin Statutes, Section 232.08. This provision is also applicable to personalty. Will of Zweifel, 194 Wis. 428, 216 N.W. 840 (1927).

Federal decisions are split on the question of whether the marital deduction will be allowed where the surviving spouse has the unrestricted right to dispose of the property during her lifetime without the power to devise. In Nettz v. Phillips, 202 F.Supp. 270 (S.D.Iowa, 1962) the court pointed out this split and adopted the view that where there is the unrestricted power to dispose during lifetime, the absence of a power to devise will not defeat a marital deduction. Supporting this holding are McGehee v. Commissioner, 260 F.2d 818 (5th Cir., 1958); Geyer v. Bookwalter, 193 F.Supp. 57 (W.D.Mo., 1961); Carlson v. Patterson, 190 F.Supp. 452 (D.C.Ala., 1961).

In the light of these decisions, if a life estate was created as the Government argues, there was a power of disposition during Mrs. Craig's lifetime that would allow the estate given to qualify for the marital deduction.

## III.

The plaintiff relies on the "repugnancy doctrine" to argue that if the antenuptial agreement is read into the will, any provision of the agreement which would delimit the bequest is void.

Plaintiff cites the case Will of Jansen, 181 Wis. 83, 193 N.W. 972, 49 A.L.R. 5 (1923). There the testator devised property absolutely to his wife with a full power of disposition. He then "directed" that some of the property given to the wife be given to his son upon the wife's death.

The Court held the direction of the gift over to be precatory and approved the rule "that, where an estate is given to a person generally or indefinitely, with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy." Will of Jansen, supra at 86, 193 N.W. at 973.

The three other cases cited by plaintiff in support of this argument state the same rule. Two of these involved language indicating a gift over to children after the wife's death and the court found the language to be precatory. This argument was not answered by the defendant.

In view of the arguments and supporting cases presented by the plaintiff, it appears that the marital deduction was improperly disallowed and that a refund should be made.

The court adopts the stipulation of facts as its findings of fact. Its conclusions of law are as set forth in the decision. Plaintiff's counsel is to prepare an order granting its motion for summary judgment and denying defendant's motion for summary judgment, submitting the same to defendant's counsel for approval as to form only.