ALEXANDER V. MANN AND COLON C. BILLINGHURST, EXECUTORS, ETC., v. URIAH W. HYDE AND EZRA U. HYDE.

*Will—Construction—Lapsed legacies—Residuary clause.*

1. Our statutes do not save legacies from lapsing if the lagatee dies before the testator, except as provided by How. Stat. § 5812, which does not make the legacy become a part of the deceased legatee's estate, but simply gives it to his or her issue as *direct* beneficiaries.

2. The law in regard to lapsed legacies of personalty has always treated them as part of the general body of the estate, so that they pass to the residuary legatees.

3. A will dividing the residue of the testator's estate into seven parts, and devising one-seventh to a father and mother, and their son, "in equal shares to each of them," though somewhat ambiguous, is construed, in view of other provisions of the will as to such residue, to give the seventh to the *collective* legatees.

4. Where a testator bequeathed one-seventh of the residue of his estate to a legatee after deducting therefrom the absolute legacy, which was valued at $6,000 for that purpose by the testator, the only way to get at such deduction is to include $6,000 with the balance of the body of the estate not specially bequeathed, and divide the aggregate into sevenths, and, if one-seventh exceeds $6,000, the legatee will be entitled to the difference, and, if not, the remainder, after leaving out the $6,000, would belong to the other residuary legatees.

5. Under our statutes, as well as under the general policy of the law, no part of a testator's estate should be treated as intestate if it can be reasonably avoided.

Appeal from Muskegon. (Dickerman, J.) Submitted on briefs June 22, 1888. Decided July 11, 1888.

Bill to construe a will. Complainants and defendants appeal. Decree modified and affirmed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for complainants.

*Bunker & Carpenter,* for defendants.

CAMPBELL, J. This is a proceeding to determine the rights of defendants in certain legacies left by Chauncey Davis to Mrs. Lydia A. Hyde.

The testator, who lived in Muskegon, made his will in February, 1885, disposing of a considerable estate, mostly personal and partly real. He made several specific and definite legacies, and some more general, chiefly among relatives, and made a residuary bequest, which will be referred to hereafter. Mrs. Lydia A. Hyde was his sister-in-law, and not a blood relation. Uriah W. Hyde was her husband, and Ezra U. Hyde their son. Mrs. Hyde died soon after the will was made, and testator lived some years longer. The questions presented to our consideration arise out of the fact that she died first.

By the third clause of the will, Mr. Davis bequeathed—

"To my sister-in-law, Mrs. Lydia A. Hyde, wife of Uriah W. Hyde, of Orangeville, Trumbull county, Ohio, all of my silver plate, silver ware, and plated ware."

He further bequeathed to her certain named books, and gave some of them to other persons.

The remainder of his library he gave in three divisions, of which was "one-third to said Lydia A. Hyde and her husband, Uriah W. Hyde."

His paintings, clothing, and furniture were specifically bequeathed in shares to other persons, to be divided among them, and a note was given up to the maker.

There were money bequests of either $500 or $1,000 each to various persons named. Among them was this bequest:

"To said Uriah W. Hyde and Lydia A. Hyde, five hundred dollars each."

His real estate and personalty in Wisconsin he disposed of to persons named. The residuary clause was as follows:

"All the residue and remainder of my estate, after conversion thereof into money or securities, as hereinafter provided, I give, devise, and bequeath as follows:

"To my said brother Jason Davis one-seventh of such residue and remainder, after deducting from said one-seventh, at a valuation of six thousand dollars, the provisions I have made for him and his wife in and by the twelfth paragraph of this, my will; to my said brother Jacob B. Davis, one-seventh; to Mrs. Caroline Davis, of Milwaukee, Wis., widow of my late brother, Harrison H. Davis, one-seventh; to said Julia A. Chisholm, one-seventh; to said Uriah W. Hyde, Lydia A. Hyde, and their son, Ezra Hyde, in equal shares to each of the three, one-seventh; to said Wealthie French and her daughter Mattie E. French, in equal shares to each of the two, one-seventh; and to Mrs. Eugenia B. Grace, wife of Joseph Grace, of Waverly, Chemung county, N. Y., George Davis, of Owen's Mills, in said Chemung county, and a third person whose name I do not remember, meaning the three children of my late brother, Osborne Davis, deceased, in equal shares, to each of the three, the other one-seventh, provided the three survive me. In case either or any of the three last above referred to do not survive me, then and in that case I give and bequeath the share or interest intended to be given to such deceased person or persons, if alive, to said Julia A. Chisholm."

Two sets of questions are presented: *First,* as to the various bequests to Mrs. Hyde; and, *second,* as to the Jason Davis bequests.

It is not seriously disputed that the bequest to Mrs. Hyde and her husband of one-third part of the library

was joint, and passed to Mr. Hyde, and so the court below found.

It is not claimed that any of the other bequests to Mrs. Hyde, except in the residuary clause, were joint, .and they stand as bequests to her alone. The court below held that they lapsed, and fell into the residuary ·estate. It is claimed, as a question of some consequence, that, though lapsing, they did not go into the residum, .but remained undisposed of by intestacy.

While Mrs. Hyde was evidently very much ·thought of ·by the testator, he sets forth nothing in his will which requires her to be treated as anything but a sister-in-law. He does not treat her as a blood relative, and he gives no directions as to what shall become of her legacies .should she die before him.

Our statutes do not save legacies from lapsing if the legatee dies before the testator, except as provided for by section 5812 of Howell's Statutes, which is as follows:

" When a devise or legacy shall be made to any child ·or other relation of the testator, and the devisee or legatee .shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will, in the same manner as the devisee or legatee would have done if he had survived the testator, unless a ·different disposition shall be made or directed by the will."

It will be observed that this does not make the legacy become a part of the deceased legatee's estate, but simply gives it to his or her issue as direct beneficiaries.

There is nothing in this case to show that Mr. Davis considered Mrs. Hyde as a relation, or as occupying any position towards him not mentioned in the will. In the clauses providing for her, she is twice mentioned alone, and once jointly with her husband. In one clause each .obtains an equal but separate gift of money. In the thir-

teenth clause, husband, wife, and child are together given one-seventh share, to be equally divided.

We can see nothing in the will which should put Mrs. Hyde in any different class from any other persons of similar affinity. As a stranger in blood, there can be no doubt that the legacies given to her separately, except in the residue, lapsed. There is no authority for any other doctrine that we have discovered.

The law in regard to lapsed legacies of personalty has always treated them as part of the general body of the estate, so that they pass to the residuary legatees. In some places a distinction has been taken between lapsed devises and lapsed legacies, which does not concern us now. A lapsed legacy is in law the same as no legacy, for residuary purposes. There is no law to the contrary.

The only remaining question affecting the Hyde legacies relates to the residuary bequests. As already stated, the will divides the residue into seven parts. One-seventh of this residue was given to Mr. and Mrs. Hyde, and their son, " in equal shares to each of the three." This phrase is, no doubt, somewhat ambiguous; but it seems to us that its natural meaning is that the share is given to those three persons, and not that the estate shall be divided into sevenths if Mrs. Hyde lived, but in some other way if she did not. No provision is made for the case of the death of legatees in any of the residuary sevenths but one, and the fact that it was done there. indicates that the matter was not overlooked. In the case of the three children of Osborne Davis, it is declared that the death of any of them before the testator should devolve the share of such decedent upon Julia A. Chisholm, so that the division by sevenths would not be disturbed; otherwise there would be great confusion. If each bequest is treated as a single legacy of one-seventh, the one to the Hyde family would, by Mrs. Hyde's death,

become the property of her husband and son equally. We think that the residuary clause had for its general purpose the gift by sevenths to the collective legatees to whom each seventh was given, and that this is the probable intention of the testator, and that there was no lapse in this instance.

So far, then, as Mrs. Hyde's legacies are concerned, we think the decree below is right, except as to the residuary clause, and that the one-seventh interest goes to Mr. Hyde and his son entire, with no diminution by reason of Mrs. Hyde's death.

We can discover no ambiguity concerning the Jason Davis bequests. The twelfth paragraph of the will gave him and his wife absolutely the property therein described. To ascertain his share in the residuary portion of the estate, it was declared he should have one-seventh, and that, in estimating it, the property given by the twelfth clause should be estimated at $6,000, and deducted. The only way to get at such a deduction must be to include $6,000 with the balance of the body of the estate not specially bequeathed, and divide the aggregate into sevenths. If one-seventh should exceed $6,000, he would be entitled to the difference. If not, then the remainder, after leaving out the $6,000, would belong to the other residuary legatees.

Under our statutes, as well as under the general policy of the law, no part of a testator's estate should be treated as intestate if it can be reasonably avoided. We think everything not covered by valid legacies belongs to the residuary legatees, in the manner suggested. The decree below is correct, except the fourth clause, which treats Mrs. Hyde's interest in the residuary estate as lapsed. We think that her husband and son are entitled to the whole share of one-seventh, and that there is no intestacy.

The decree, with that exception, and so modified, will be affirmed. The case is a proper one to have the costs of this Court, as well as of the court below, charged on the fund.

The other Justices concurred.