WILL OF SMITH: SAVAGE, General Guardian and another, Appellants, vs. THORNBURY and others, Trustees, Respondents.

*May 26—July 1, 1948.*

For the appellants there was a brief by *Steele, Mau & Toepel* of La Crosse, attorneys, and *Farnham A. Clark* of Menomonie, guardian *ad litem,* and oral argument by *Elmer B. Mau.*

For the respondents there was a brief by *Slocumb & Bundy* of Menomonie; and oral argument by *W. H. Bundy.*

WICKHEM, J. Decedent, William S. Smith, was married to Marguerite W. Smith and had one son, William W. Smith, born December 16, 1928. Decedent was divorced on July 26, 1943, and a property settlement was made at the time, to be discharged in instalments. Decedent died on October 23, 1945, and shortly thereafter the instalments were completed. Decedent left a last will and testament disposing of an estate inventoried at $86,900.24. In addition there were policies on his life payable to his son in the total sum of $16,124.71. There was also joint property owned by the son totaling $832. Of the inventoried estate $55,950 consisted of real estate. At the time of his death decedent was engaged in the theater business in Menomonie. At that time his son was living with him and was in his senior year in high school. After his father's death and his graduation, the son joined his mother in La Crosse, spent the school year 1946–1947 at the University of Southern California and in the fall of 1947 transferred to the State Teachers' College at La Crosse where he is now a student. Most of the estate was placed in trust for William W. Smith, the son of decedent. The three trustees were decedent's attorney, Mr. Bundy, Leona D. Smith, a sister-in-law of decedent, and Doris Thornbury, a friend of decedent. Myron D. Savage is general guardian of the son and this contest is between the guardian and the trustees concerning proper construction of the will.

The portions of the will in question after directing the trustees to hold, manage, etc., directs them,

". . . to pay the net income, together with such part of the principal as shall seem to said trustees to be for the best interest of my said son, to him in such amounts and at such times as they deem proper. . . . The trust hereinabove created shall remain in full force until my said son arrives at the age of twenty-six (26) years at which time it is my will and I hereby

'direct that all of said property remaining in said trust be turned over to him.

"In the event that my said son should predecease me or should die prior to the expiration of the trust hereinabove created, it is my will and I hereby direct that all the rest, residue and remainder of my property remaining at that time be and the same hereby is devised and bequeathed to Doris Thornbury, Leona D. Smith, and Mrs. Leonard Merwin of Minneapolis, Minnesota, to each an undivided one third (⅓) thereof."

It is contended by appellant that a direction to pay the net income to the son is absolute and unconditional and that the term "in such amounts and at such times as they deem proper" applies solely to payments of capital.

The trial court held and respondent contends that the discretionary phrase "in such amounts and at such times as they deem proper" refers to income as well as principal.

The view of the trial court was correct. Immediately following the clause in question the will recites that testator is particularly desirous that his son obtain a sound education and he therefore directs his trustees to pay him during the period that he is going to school "such amount as they deem necessary and proper for that purpose." There follows the express wish that the trustees continue to operate the motion-picture business which is the principal item of the estate but in spite of this the trustees are authorized if they deem it wise and for the best interests of the son to sell this business or any other assets of the trust. In the first place, the words which are sought to be construed here will accommodate themselves to the construction which the trial court put upon them. The direction to pay the net income is joined to the direction in respect of the principal by use of the word "together" and there follows the portion of the sentence conferring upon the trustees a discretion as to time and amount. The normal grammatical meaning of this would be that the discretion applies to both directions since they were conjunctively put.

The facts and surrounding circumstances fortify this conclusion. At the time of his death the motion-picture business produced an income of approximately $20,000 in fourteen months. This would be an extremely large income to pay to a young man going to school. On the other hand the trustees were permitted to and in fact did sell the motion-picture business and invested the proceeds more conservatively with the prospect that the income will not exceed $3,000 a year. It is obvious that testator contemplated that under these circumstances it might be necessary to supplement the income with principal or to call upon reserves of income theretofore retained. Hence, it is our conclusion from the language of the will considered in the light of the surrounding circumstances that the clause in question here vests a discretion both as to income and as to principal. So much for the intention of the testator as evidenced by his will.

It is next contended that this construction amounts to a ruling that the will calls for an accumulation which would be void in so far as it relates to real estate. This contention cannot be sustained. In the first place, there is no express direction to accumulate and such a direction must be inferred from the mere fact that the trustees in their discretion may decide not to pay out all of the income and that they may determine the time at which the income is to be paid out. We are of the view, however, that this was for the purpose not of limiting the *cestui's* right to the income but, (1) to postpone his enjoyment of it in accordance with his needs, and (2) to conserve the income for his benefit "in the course of judicious management of the trust." This is in line with the general rule that there is a preference for finding that no accumulation has been provided for. Restatement, 4 Property, p. 2574, sec. 440. See also p. 2559, sec. 439, *ibid.,* to the effect that an accumulation is not provided for where retention of income is merely in the course of judicious management of the trust. *Estate of Hustad,* 236 Wis. 615, 296 N. W. 74, presented quite a

different question. There the trustees were limited to the payment of sums of $200 each to four beneficiaries and by reason of this limitation could not pay the excess income to the *cestuis*. ·This was accompanied by a specific direction that the excess be accumulated and added to the corpus of the estate. Here the son is to have the income. His enjoyment of it is simply ·postponed for the purpose of insuring that the income be measured by his needs and that.the excess be conserved in order to insure a stable and proper income to him, especially if the highly profitable business venture of testator be sold and a more conservative investment made.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.