ESTATE OF LINDSAY: LINDSAY, Appellant, vs. LINDSAY and
another, Respondents.

*October 10—November 6, 1951.*

For the appellant there were briefs by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* of counsel, all of Milwaukee, and oral argument by *Mr. Harding.*

For the respondent guardian *ad litem* there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Laurence E. Gooding, Jr.,* all of Milwaukee.

FRITZ, C. J.   By provisions in paragraph Five of his will, the testator, William D. Lindsay, established a $50,000 trust fund for the benefit of his son, Gordon Lindsay, and his two children, and in the event of their death then Gordon's wife.   The provisions in paragraph Five read (so far as is here material) :

"I give and bequeath to the Marine National Exchange Bank of Milwaukee, in trust, fifty thousand ($50,000) dollars in stocks and money . . . in trust nevertheless to hold, possess, invest, reinvest, and manage, and to collect and receive the profits, interest, and income thereof, and to disburse the same, all for the benefit of my son Gordon R. Lindsay. . . .

"On January 1, April 1, July 1, and October 1, of each year, $150 ($600 per annum) shall be paid to Gordon R. Lindsay of Milwaukee, Wisconsin, from either the corpus or the earnings of the trust fund during his lifetime.   On his death, the remainder of the trust fund shall be paid to my grandson, William D. Lindsay II, and to my granddaughter, Constance Ann Lindsay, share and share alike if living. If one grandchild does not survive and leaves issue, his or her share shall go to the issue by right of representation following the rules of descent of the state of Wisconsin. Should one grandchild die and leave no issue, his or her share shall go to the other grandchild.   If neither grandchild is living, the amount shall go to their mother.   If Gordon R. Lindsay shall pass away, while either grandchild is a minor, the trust shall continue until the minors are of age, and the payments of $600 per annum shall continue for their support until they are of age."

The executors petitioned the court for instructions on the ground that the provision in paragraph Five is ambiguous as to whether Gordon R. Lindsay is limited to the receipt of $600 per annum out of the income of the trust, or whether he is entitled to all the income with an assurance of at least $600 per year, payable out of corpus if necessary. The court ruled that said provision limits Gordon R. Lindsay to the receipt of $600 per year and that the balance of the income must be paid to no one, but accumulated from year to year until Gordon R. Lindsay dies. He appealed from the ruling.

The provisions in said paragraph Five which direct the trustee of the $50,000 trust fund established for the benefit of Gordon Lindsay and his children and widow, "to collect and receive the profits, interest, and income thereof and to disburse the same all for the benefit of my son Gordon R. Lindsay," are plain and unambiguous, and clearly direct that the trustee shall "disburse the same all for the benefit of" testator's son, Gordon R. Lindsay, during his lifetime.

The subsequent provision in the will, which reads: "On January 1, April 1, July 1, and October 1 of each year $150 ($600 per annum) shall be paid to Gordon R. Lindsay . . . from either the corpus or the earnings of the trust fund during his lifetime" was evidently intended to authorize the trustee to pay to Gordon at least four quarterly payments of $150 "from either the corpus or the earnings of the trust fund during his lifetime" if the earnings of the fund were insufficient. Thus by the use of those words, "from either the corpus or the earnings of the trust fund," it is evident that the testator intended that Gordon should receive at least $600 per year, even though the trust income was not sufficient and it became necessary to use some of the principal. Even if the testator had stated nothing more in the will, it is clear the provision that the trustee was to collect the income of the trust and "to disburse the same all for

the benefit of" his son, Gordon, would leave no room for dispute, that he is entitled to have disbursed to him all the income of said trust fund during his lifetime. There is in the will no subsequent provision which expressly negatives that intention. And there is no basis in the will for any inference that when the testator stated that the trustee is "to collect and receive the profits, interest, and income thereof and to disburse the same, all for the benefit of my son, Gordon R. Lindsay," the testator did not mean "all" for the benefit of said son, but intended that only part thereof shall be disbursed by the trustee for the benefit of Gordon.

The trial court's ruling would in effect, eliminate from the will the provision that the income of the trust fund shall be "all" for the "benefit of my son, Gordon." The result of the court thus eliminating that provision and then considering as the only controlling provision the sentence which directs that $150 be paid to Gordon each quarter, is clearly contrary to the well-established rules that every provision expressed by the testator in his will be given effect, if reasonably possible, and that the various provisions of the will should be so construed as to be consistent with one another, rather than to be conflicting.

As stated in 2 Page, Wills (3d ed.), p. 870, sec. 932:

". . '. it is a fundamental rule of construction that the court, in construing a will, will endeavor to give effect to every part of the same. As a particular application of this rule, it follows that, within all reasonable limits, the courts will endeavor to reconcile two apparently inconsistent provisions of a will rather than to absolutely ignore either, or to declare that they are both void or uncertain."

Adherence to that rule in this case leads to a construction which gives effect to both of the two provisions of the will, rather than to a construction which ignores one provision in favor of another; if it is reasonably possible to give effect to both provisions. The provision, which directs the trustee

to receive the income of the trust fund, "and to disburse the same all for the benefit of my son, Gordon" can and should be construed to mean "all" as stated in the will, instead of only a "part" of the annual income in excess of $600. But if that annual income in any year is less than $600, the provision directing the payment of $150 per quarter can be be given full effect and construed to mean that Gordon R. Lindsay shall receive at least $150 each quarter during such year.

On the other hand there is no provision in the will or any evidence that the testator ever expressed any intention that if the annual income of the trust fund was in excess of $600 in any year Gordon should receive only $600 of that income, and that the balance thereof should not be paid to anyone, but is to be accumulated as long as Gordon is alive. No such conclusion or inference is warranted in view of the plain, unambiguous direction in the will to disburse the income of the trust, "all for the benefit of my son, Gordon R. Lindsay" during his lifetime.

Paragraph Five of the will shows definitely what persons the testator had in mind to benefit by the bequest of said $50,000 trust fund. First, his son Gordon, as long as he lived, was to be the sole beneficiary of all of the trust income. Upon Gordon's death, at first $600 of the annual income and eventually the remainder of said trust fund was to be paid to Gordon's two children or the survivor or their issue, or if they should die without leaving issue, then to their mother, as provided in the testator's will.

At the time testator executed his will, he was close to eighty years of age; his son, Gordon, was forty-seven years, and Gordon's two children were respectively, eighteen and twenty-one years of age, and were apt to depend heavily on their father for support or assistance in getting started in life. As under these circumstances it is unlikely that the testator would want the bulk of the trust income, in excess

of $600 per year, to be paid to no one, but would want it left to accumulate in the trust, there is applicable the rule that:

"When a limitation is ambiguous as to whether it provides for an accumulation, or does not so provide, there is a constructional preference for finding that no accumulation has been provided for." Restatement, 4 Property, p. 2574, sec. 440.

In *Green v. Green,* 182 Md. 571, 575, 35 Atl. (2d) 238, the court stated the rule as follows:

"It is a cardinal rule of construction, that the law favors the earliest vesting of estates, and the court will hold an estate to be vested whenever it can fairly do so without doing violence to the language of the will. [Citations.] Consequently, the court will never hold that the testator intended that any income accruing during any portion of the life estate should accumulate for the benefit of the remaindermen, unless an indication of such intention appears expressly on the face of the will or arises from its provisions by necessary implication."

In *Will of Smith,* 253 Wis. 72, 75, 33 N. W. (2d) 320, we stated:

"This is in line with the general rule that there is a preference for finding that no accumulation has been provided for. Restatement, 4 Property, p. 2574, sec. 440."

See also *Benner v. Mauer,* 133 Wis. 325, 330, 113 N. W. 663.

Consequently, as the trial court's ruling in effect directs that the bulk of the trust income shall be accumulated for the lifetime of the testator's son, Gordon, in disregard of the well-established rule that accumulations are not favored in the law, but are to be avoided unless the testator expressly directs it, or it is required by necessary implication, the trial court clearly erred in that respect.

*By the Court.*—Order reversed with directions that the court construe the will to direct that all of the income of said

trust fund shall be disbursed for the benefit of Gordon R. Lindsay during his lifetime.