WILL OF HILL: STEARNS, Trustee, and another, Appellants, vs. RICHARDSON and another, Trustees, Respondents.*

*March 4—April 8, 1952.*

* Motion for rehearing denied, without costs, on June 3, 1952.

292

294

For the appellants there were briefs by *Carl H. Juergens* of Milwaukee, for Perry J. Stearns, and by *Morgan & Berkwich* of Milwaukee, for Robert Hill Foundation, and oral argument by *Mr. Juergens* and *Mr. Berthold L. Berkwich.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Edward H. Borgelt* and *Wayne J. Roper* of counsel, all of Milwaukee, and oral argument by *Mr. Roper.*

A brief was also filed by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, as *amici curiae.*

BROWN, J.  Trustee Stearns' cotrustees submit that he is ineligible to appeal, being a minority of the body of trustees whom the will has directed to proceed by majority action and, further, that he is not an aggrieved party.  It is unnecessary to consider these objections because the Foundation's appeal brings before us the same questions which appellant Stearns propounds and the elimination of Stearns would not dispose of the appeal.  The issue is whether the Foundation is to receive the property in question as a testamentary trustee or whether it takes it free from the imposition of any trust.

The appellants contend that the will was construed by the final decree, the letters of trust, and the order determining inheritance tax.  They say that these instruments did not mention a trust after the death of the widow and their silence amounts to a construction that the will did not impose one; and they point out that time to appeal from the decree has expired and no new construction of the will may be had. It is true that the court lost jurisdiction to modify the final decree by a construction of the will after time to appeal from the decree had run.  *Will of Yates* (1951), 259 Wis.

263, 48 N. W. (2d) 601. But the final decree declared nothing more·than that; *pursuant to the will,* the residue of the estate was assigned to three individuals as surviving trustees under·Mr. Hill's will. Trustees must have some function to perform, some powers, some limitations. The final decree is silent on all matters concerning the purpose, operation, and duration of the trust which such trustees are to administer. *Will of Yates, supra,* held that when there is ambiguity or uncertainty in the final judgment resort may be had to other evidence so that the judgment may be construed. Nothing could be more uncertain than the assignment to trustees in the present decree. In *Will of Dolph* (1951), 260 Wis. 291, 295, 50 N. W. (2d) 448, real estate was assigned, not to specific devisees, but generally "according to the will of said deceased." Citing *Will of Yates, supra,* we said in the *Dolph Case* that the judgment was ambiguous and resort must be had to available facts to determine what was meant and nothing was more accessible than the terms of the will to which reference had been made in the final judgment. In the instant proceeding the decree's assignment of property is made "pursuant to the will" and, as in the Dolph Case, the rest of the assignment is unintelligible. Therefore, the court may and should turn to the will for help in resolving the uncertainties of the decree. Appellants state that "the final decree assigned the remainder of the estate to the trustees of the trust for the benefit of the testator's widow, *pursuant to the letters of trust previously issued,* whereby, after the death of the testator's widow, the then remainder of the estate was 'to be paid over to R. H. Foundation, a charitable corporation . . . for the purposes of its organization' " from which appellants conclude that the bequest was construed by the final decree to be an absolute gift to the Foundation. Much, if not all, of appellants' difficulties may originate in the inaccuracy of the statement that the decree assigned the estate pursuant to the letters

of trust previously issued. Those letters are not referred to in the decree whereas it is the will itself with which the decree purports, properly, to comply and to which attention is directed for further information. A final decree is the judicial expression of the testator's intent and purpose as revealed by his last will and is unconcerned with documents conceived and executed by others, particularly where the decree makes no reference to such instruments. We need not consider whether a decree which purported to assign an estate "pursuant to the letters of trust previously issued" would have any status. The decree now in question made no such attempt.

Turning then to the will for assistance in construing the final decree, we find over and over that the will speaks of a bequest in trust. This appears in the extracts from the will in the statement of facts preceding the opinion and need be no more than summarized here. The property is to be held by the corporation in trust, the Foundation is designated the corporate trustee, and the property is called the trust fund. It would be a poor tribute to the scrivener and the testator to suggest that they did not know such phrases' customary meaning and effect and it is our duty wherever possible to give to words their plain and ordinary meaning. Appellants submit that because Item 8 directs the first set of trustees to turn over the property, upon the death of the widow, to the Foundation without such Item imposing a trust, the trust provisions in later portions of the will cannot impair the previous complete, outright bequest. It is a common expression in the courts that the intent of the testator is to be gathered within the four corners of the will. If we accepted appellants' proposition we would seem to limit ourselves to only one of the corners. Item 8, itself, directs the property to be used for purposes stated in Item 10, and there we find the command that the corporation shall hold the property *in trust* for specified uses and purposes.

Giving to the words their plain, ordinary meaning, we find no inconsistency between the provisions of the various "Items" which requires us to throw any of them out as incompatible with other more imperative ones. Our rule has been to consider wills as a whole to determine the real intent of the testator, *Will of Zweifel* (1927), 194 Wis. 428, 216 N. W. 840; *Estate of Holmes* (1940), 233 Wis. 274, 289 N. W. 638. Read as a whole, we conclude that the will of Mr. Hill directed the remainder of his estate should be assigned to and received by the Foundation as a trustee. The final decree, silent upon details, expressly declared that the assignment of property was pursuant to the will. The construction of the decree must be that when the Foundation receives the remainder of the estate it does so as a trustee, and as such it is governed by sec. 323.01, Stats., which, among other duties, requires it to account and to administer the trust under the direction of the county court.

Appellants then contend that a gift to a charitable corporation as a matter of law does not create a testamentary trust, even though the words "in trust" are used, when the gift is to be used within the powers of the corporation. A number of authorities from sister states are cited but analysis is not necessary because of sec. 323.01 (4), Stats., which reads:

". . . no bond shall be required from any . . . charitable . . . corporations . . . where devises or bequests are given to such corporations . . . in trust for any of the purposes of such corporations. . . ."

In the light of this statute we consider it futile to assert that a gift in trust may not be made by will under Wisconsin law, to a charitable corporation for use within its corporate powers. The terms of the will satisfy us that the present testator made such a gift. We also conclude that the final decree herein was uncertain and ambiguous, requiring construction and in construing it the will, to which the decree expressly referred and with which it professed to comply,

was evidence to which the trial court should resort. The construction so reached by the learned county court appears to us to be sound and its orders implementing the construction should be affirmed.

Appellants finally assert that the county court had no power to require the Foundation to amend its articles so as to enable it to act as trustee. The record shows that the court's first order, April 9, 1951, made no such requirement. Then appellants expressed doubt that the Foundation could legally act as trustee without amending its articles and filed a brief which stated that if the court determined that the bequest was in trust it should require the articles to be amended. On May 25, 1951, the court entered an order in which it questioned the Foundation's lack of capacity, but ordered:

"The previous order is under the circumstances modified to enable the trustee to amend its articles within sixty days, as so requested, and to include all the purposes of the trust as set out in the will to set any doubts at rest. . . ."

The appellants now submit that their suggestion was not to assist the court in carrying out its decision that the bequest was in trust but was to demonstrate additional impediments. The trial court did not understand it so, but in any event we can see no compulsion in the so-called order. It seems to us that it is permissive only. If the Foundation is in fact unqualified to be a trustee and declines to qualify, it is a general rule that a trust never fails for want of a trustee and the court, in its equity powers, may appoint one or may execute the trust by its own officers. 54 Am. Jur., Trusts, p. 106, sec. 122. Sec. 323.03, Stats., may also be applicable. We see no reason to interfere with the order complained of.

Other objections raised by appellants have been noted and considered without persuading us to other conclusions. We will not extend the opinion by discussing them.

*By the Court.*—Orders affirmed.