WILL OF SCHNEIDER: SCHNEIDER, Appellant, vs. WELCH and others, Respondents.

*January 11—February 8, 1955.*

For the appellant there was a brief by *Hanley & Wedemeyer*, attorneys, and *George J. Mangan* of counsel, and *Reginald I. Kenney,* guardian *ad litem,* all of Milwaukee, and oral argument by *Mr. Mangan.*

For the respondents there was a brief by *Churchill, Duback & Churchill* for Janet Welch, by *Clarence J. Bullock* for the First Wisconsin Trust Company, and by *Allen Williams,* guardian *ad litem,* all of Milwaukee, and oral argument by *Mr. William H. Churchill* and *Mr. Bullock.*

BROWN, J. Appellant contends that the will makes no provision for distribution of the trust estate in the contingency in question and, therefore, in that contingency there is a partial intestacy which requires that distribution of the residue be made to the testator's heirs at law,—himself and Janet,—equally. He points out that the only express provision for Janet in paragraph Sixth is that she shall have the income of the trust fund for five years after the testator's death, if she lives so long, and he asserts that the construction of paragraph Sixth by the trial court results in an enlargement of the bequest to her which is not warranted by anything to be derived from the testator's own language or from any circumstances affecting him when he executed the will.

*Estate of Donges* (1899), 103 Wis. 497, 499, 79 N. W. 786, so frequently cited that it may be recognized as the leading case on this subject in this state, is very like the instant

appeal in its facts. The will to be construed there provided that the wife should have the testator's real estate "to have and to hold the same until the youngest of my children, if any be born me, shall attain the age of twenty-one years. . . . In case there are no children living at the time of my decease, my said wife shall be the sole owner of my real estate." What was to become of the real estate when such youngest surviving child became twenty-one? The Donges will did not say,—just as the Schneider will is silent if Janet outlives her father for five years. Mr. Justice Dodge, speaking for the court in the *Donges Case, supra,* said (p. 501):

"Among these [rules], two are relevant to the present consideration: First, that in case of doubt such construction will be adopted as to support and give effect to the will, rather than to defeat it; second, that a testator is presumed to have intended a complete distribution of his estate, and a construction tending to that end will be preferred to one which results in intestacy as to any part. *Mann v. Hyde,* 71 Mich. 278; *Given v. Hilton,* 95 U. S. 591, 594. In the carrying out of this latter rule courts often find themselves constrained to discover an intention to give, by the will, that which is not in fact given by express words, but which, it is clear from the other bequests and devises, it was the intention of the testator to give, as being so clearly implied from the gifts in fact made and the purpose of the will that silence can signify only an omission to state that which was in the testator's mind and intended. These are called devises or bequests by implication."

The court concluded (p. 503):

"A careful reading of the whole will leads us irresistibly to the conclusion that the testator had in mind the intention that upon the majority of the youngest of his after-born children the real estate, which meanwhile was devised to his widow, should pass to them, and that the failure to so declare was, as in the many cases above referred to, merely an omission to express an intention fully present in the mind of the testator. No other disposition is made, and all the other

contingencies, except the existence of such children after attaining the age of twenty-one years, are covered. The leaving of such estate, with the attention of the testator obviously turned to the probable existence of such children, and the presumed inclination to provide for them, when added to the purpose of the will in the light of certain extrinsic evidence as to the situation, leaves no doubt in our minds of this intention of the testator; and it is our duty to declare and effectuate such intention in a case like this, and to supply the ellipsis or omission of the testator, so that there shall be added to the first paragraph of the will, 'and then to my said children,' and to hold that by the will itself the realty is devised to respondents upon the majority of the youngest."

Applying the principles stated in *Estate of Donges, supra,* we find the present will made substantial immediate provision for Louis J. Schneider and contingent provision of indefinite value by the forgiveness of his debts, if he owed any to his father. He is not disinherited nor forgotten. The provisions of paragraph Sixth completely refute the idea that the testator had any intent or desire to include Louis in the distribution of the residue under any circumstances. On the contrary, the intent is clear that he wished the entire benefit of this portion to be Janet's if she survived any part of five years to enjoy his bounty and if she did not then to put her immediate family in her place. In the latter event, when the period of the trust is fulfilled, these beneficiaries take the residue free from trust restrictions. We think it is clearly implied that the testator intended Janet, also, to take the residue free from trust restrictions when the term of *her* trust,—five years following his death,—was completed. The failure of the will to say this directly can signify only an omission to state that which was in the testator's mind and intended and, as in the *Donges Case, supra* (p. 504), it is the court's duty "to supply the ellipsis or omission of the testator." The trial court's construction of this portion of paragraph Sixth accomplished this result.

*By the Court.*—Judgment affirmed.