ESTATE OF CORDES: SALVESEN, Appellant, vs. CORDES, Respondent.

*April 11—May 7, 1957.*

2

6

For the appellant there was a brief by *Affeldt & Lichtsinn,* and oral argument by *Eldred Dede,* all of Milwaukee.

For the respondent there was a brief by *Eckert & Jaekels* of Milwaukee, and oral argument by *Paul L. Jaekels.*

STEINLE, J.   It appears of record that in conjunction with its rendition of the order admitting the will of Marie Cordes to probate, the court filed a written memorandum of opinion wherein it found that (a) the intent of the testators was that all property not held in joint tenancy should first go to the survivor of the two makers; (b) the testators, in using the language "in case of the death of both of us," meant "upon the death of the survivor of us," and did not have in mind a simultaneous death; (c) that by reason of the foregoing, there was no case for the application of the rule that a joint will which attempts to postpone the effect of said will as the will of the first to die until the death of the last to die, is invalid and inadmissible as a will. .

A joint will which expressly or impliedly does not become effective until the death of the survivor is invalid. As said in 1 Page, Wills (lifetime ed.), p. 225, sec. 105:

"The single case in which modern courts are still inclined to treat wills of these classes [including joint wills] as invalid is the type of will in which the testators have joined in one instrument in a complete scheme for the disposition of their joint property, or of their separate property treated as a joint fund, and have fixed the death of the survivor as the time for such will to take effect."

A joint will that is not capable of being separated as the separate will of each maker should not be probated, but joint wills, executed in accordance with the provisions of law, are valid, and may be probated as the separate will of the testator dying first. The test seems to be that if the will may be probated separately for each without regard to the fact that the other is living, then the double will is valid. *Collins v. Stroup* (1942), 71 N. D. 679, 3 N. W. (2d) 742.

In Atkinson, Wills (2d ed.), p. 223, sec. 49, it is said:

"Even today a joint will which expressly or impliedly does not become effective until the death of the survivor is invalid. However, in the absence of this factor, there is no reason why the joint will cannot be regarded as the will of each cotestator and probated twice, once at the death of each. This is the modern and generally recognized view."

At 169 A. L. R. 14, 15, II a (Anno.), it is stated:

"By the great weight of modern authority, an instrument is not to be denied probate as a will for the reasons that it was executed by two or more persons purporting to sign as testators, contains bequests which are reciprocal, and was executed pursuant to contract, provided the instrument is not dependent upon the death of the survivor for effectiveness as the will of the first to die, but can be admitted to probate successively upon the death of each testator as his separate will. This is the rule, whether the property bequeathed be owned severally or jointly by the testators. Especially does the rule hold true where the testators are husband and wife."

The appellant takes the position that the will in question may not under its terms be probated separately. We cannot

agree. In its determination of such matter, the court was bound to consider the meaning and legal effect of the language of the instrument in the light of the circumstances existing at the time of its execution. As said in 2 Page, Wills (lifetime ed.), pp. 815–817, sec. 920:

"While the intention of the testator is to be ascertained, in the first instance, from the language which is used in the will, his intention cannot be ascertained from such language alone. The testator used this language in view of the surrounding circumstances, as known to him, and with reference thereto. If the court refuses to consider the surrounding circumstances, the court declines to place itself in the position in which testator was, when he used the language which the court is trying to construe; and the meaning which is thus ascertained is very likely to be different from the meaning which the testator in question had; as well as different from the meaning which the average testator would have had under like circumstances. For these reasons the court places itself in the position in which testator was when he made the will; and the will is construed in the light of the surrounding facts and circumstances.

"The facts and circumstances which are to be considered are those which existed when the will was made. Subsequent events cannot be considered."

In *Will of Parker* (1956), 273 Wis. 29, 30, 33, 76 N. W. (2d) 712, it was said:

"In determining the testator's intention, a court considers his situation, the circumstances and conditions surrounding him at the time of the execution of the will."

From the facts it appears that when the instrument was executed, neither of the makers possessed any separately owned property except wearing apparel and personal items. All of their other property was owned by them in joint tenancy. When Joseph E. Cordes died, the instrument was subject to be probated separately as his will, at least in so far as his property consisting of wearing apparel and personal

items was concerned. Appellant urges that such phrases appearing in the will as "what remains of our several and joint property," "one half of our several and joint property," "the other one half," "the whole of our property," "all," "in case of the death of both of us it is our several and joint intention . . . be given and bequeathed" indicate that the instrument was intended to be a joint disposition in respect to both several and joint property, persons making the testamentary dispositions, and the transfer of the various bequests. In response to such challenge, the respondent correctly points out that a will is not a phrase or group of phrases, but that it is an entire instrument and must be read as such. As said in *Will of Hill* (1952), 261 Wis. 290, 297, 52 N. W. (2d) 867: "A will is to be considered as a whole to determine the real intent of the testator."

The various provisions of a will should be construed so as to be consistent with one another, rather than to be conflicting. *Estate of Lindsay* (1951), 260 Wis. 19, 22, 49 N. W. (2d) 736.

When the language of a will is reasonably susceptible of two different constructions, one of which will defeat while the other will sustain a provision, the interpretation upholding the validity of the provision is to be accepted. *Estate of Hauck* (1942), 239 Wis. 421, 424, 1 N. W. (2d) 773.

From the language in the will and in view of the rules as stated, we are obliged to conclude that Joseph E. Cordes intended to bequeath at least his wearing apparel and other personal items to Marie Cordes in the event that he died before Marie Cordes, and that he intended to leave his entire estate to Eugene, Carol, and Judith Ann Cordes in the event that he survived Marie Cordes. On the other hand, it is clear that by this will Marie Cordes intended to bequeath to Joseph E. Cordes at least her wearing apparel and other personal items in the event that she predeceased Joseph E.

Cordes, and intended to leave her entire estate to Eugene, Carol, and Judith Ann Cordes in manner as designated in the event that she survived Joseph E. Cordes.

Appellant submits that such construction results in intestacy as to all separately owned property except wearing apparel and personal items, and that as to Joseph E. Cordes it would mean intestacy as to the stock in the amount of $6,410.23 owned by him individually when he died.

As previously herein pointed out, it is the rule that the circumstances surrounding a testator when making a will are of controlling consideration in the construction of a testator's intention. True, when the will in question was made, Joseph E. Cordes possessed no separate property except his wearing apparel and personal items. However, it is to be presumed that he intended a complete distribution of his estate, and a construction tending to that end will be preferred to one which results in intestacy as to any part. As said in *Estate of Donges* (1899), 103 Wis. 497, 501, 79 N. W. 786:

"Among these [rules], two are relevant to the present consideration: First, that in case of doubt such construction will be adopted as to support and give effect to the will, rather than to defeat it; second, that a testator is presumed to have intended a complete distribution of his estate, and a construction tending to that end will be preferred to one which results in intestacy as to any part. *Mann v. Hyde,* 71 Mich. 278; *Given v. Hilton,* 95 U. S. 591, 594. In the carrying out of this latter rule courts often find themselves constrained to discover an intention to give, by the will, that which is not in fact given by express words, but which, it is clear from the other bequests and devises, it was the intention of the testator to give, as being so clearly implied from the gifts in fact made and the purpose of the will that silence can signify only an omission to state that which was in the testator's mind and intended. These are called devises or bequests by implication."

The rule in the *Donges Case* just above referred to, was reaffirmed in *Will of Schneider* (1955), 268 Wis. 610, 613, 68 N. W. (2d) 576.

We are obliged to conclude that in the instant matter when the court was called upon to construe the intention of the testators as of the time when the joint will was made with regard to separate property acquired after the execution of the will, it was entitled to invoke the rule as outlined in the *Donges Case*. For such reason we are of the opinion that the court did not err with respect to its finding that it was the intention of the testators "that all property not held in joint tenancy should first go to the survivor of the two makers."

We find no error with respect to the court's finding that with respect to the phrase "in case of the death of both of us" the testators did not have in mind a simultaneous death.

The instrument in question was capable of being separated as the separate will of each maker, and of being separately probated. As representing the will of the first to die, it left to the survivor all of the property separately owned by such testator, and as being the will of the survivor, it devised and bequeathed to the named beneficiaries all of the property of such testator regardless of how or when it was acquired.

*By the Court.*—Order affirmed.