ESTATE OF BUSER: DOBBERKE and others, Appellants, v. BUSER, Respondent.

*September 9—October 6, 1959.*

For the appellants there was a brief and oral argument by *John A. Moore* of Oshkosh.

For the respondent there was a brief by *Bouck, Hilton, Dempsey & Magnusen,* attorneys, and *James J. Williamson* of counsel, all of Oshkosh, and oral argument by *Mr. Williamson.*

DIETERICH, J. On March 31, 1958, the following stipulation was entered into by and between the parties:

"1. That Edward J. Buser died on the 29th day of March, 1957.

"2. That the will of said decedent dated the 23d day of January, 1947, and the codicil thereto dated the 1st day of March, 1948, were duly admitted to probate on the 21st day of May, 1957.

"3. That paragraph 5 of said will provides as follows: [Provisions the same as hereinbefore set forth].

"4. That on the 23d day of January, 1947, Edward J. Buser, deceased, owned a farm located in the town of Vinland, Winnebago county, Wisconsin, consisting of approximately 85 acres . . . [real-estate description omitted].

"5. That on the 26th day of April, 1955, Edward J. Buser, deceased, purchased from Roy O. Dobberke and Bonnie Dobberke, his wife, an additional piece of property which is contiguous to and now a part of said farm consisting of approximately 49.36 acres . . . [real-estate description omitted].

"That said deed dated the 26th day of April, 1955, was recorded in Winnebago county registry on the 29th day of April, 1955, in volume 776 on page 475."

The issue here is not whether the testator died intestate as to the 49.36 acres. The parties concede that he did die testate with respect thereto. Therefore, sec. 238.03, Stats., has no application. Thompson, Construction of Wills (1928),

pp. 434, 435, sec. 299; 3 Page, Wills (lifetime ed.), p. 36, sec. 960.

The testator in his will disposed of his farm under paragraph 5 in the following manner: "I give, devise, and bequeath to my first cousin, Denver Buser, . . . my farm consisting of 85 acres more or less, . . . together with all machinery, livestock, feed, crops, and equipment of any kind thereon at the time of my death . . ." In the same paragraph he made two bequests, one to Earl Buser in the amount of $2,000 and another to Mary Wisnac, his housekeeper, in the amount of $2,000, and provided that the $4,000 was to be charged as a lien against the farm.

In *Estate of Holmes* (1940), 233 Wis. 274, 279, 289 N. W. 638, this court said:

"The meaning and effect of a will must be derived from its four corners and any attending circumstances that throw light upon the intent of the testator."

The rules of construction yield to the cardinal rule that the words of a will are to be construed so as to give effect to the intention of the testator, which intention is to be ascertained from the language of the will itself, in the light of the circumstances surrounding the testator at the time of its execution. It is to be construed if possible so as to give effect to every part thereof and a construction is to be preferred which will sustain the provisions of the will rather than to defeat them. *Will of Richter* (1934), 215 Wis. 108, 254 N. W. 103.

In *Will of Schilling* (1931), 205 Wis. 259, 278, 237 N. W. 122, this court said:

"A will may be fairly construed to determine its true intent, but it cannot be changed by the court against such intent even though the interested parties are agreeable to such change. *Will of Zweifel*, 194 Wis. 428, 216 N. W. 840; *Will of Rice*, 150 Wis. 401, 136 N. W. 956, 137 N. W. 778."

The guiding principle in construing a will is always to ascertain and enforce the intent of the testator as gathered from the particular will to be construed. *Otjen v. Frohbach* (1912), 148 Wis. 301, 134 N. W. 832.

Webster's New International Dictionary (2d ed.), defines "farm" as follows:

"Orig., a piece of land held under lease for cultivation; hence, any tract of land (whether consisting of one or more parcels) devoted to agricultural purposes, generally under the management of a tenant or the owner; any parcel or group of parcels of land cultivated as a unit."

In order to discover the real intent of the testator it is essential that we consider the language employed by the testator in paragraph 5 of his will, and that it be read in the light and circumstances existing and apparently in his mind at the time of execution of his will.

It is apparent from the record that the testator operated the two parcels of farm real estate as a farm unit during his lifetime, and under the terms of the instant will we conclude that the testator under paragraph 5 of his will manifested an intent to bequeath his entire farm, consisting of 135 acres more or less, to Denver Buser.

*By the Court.*—Order affirmed.