Estate of Schaefer: Schaefer (Marilynn), Appellant
v. Schaefer (Arthur), and others, Executors,
Respondents.

*No. 209. Argued September 13, 1971.—Decided October 8, 1971.*
(Also reported in 190 N. W. 2d 538.)

For the appellant there was a brief by *Levin, Blumenthal, Herz & Levin,* and oral argument by *Richard A. McDermott,* all of Milwaukee.

For the respondents there was a brief by *James Wilbershide* and *Brown, Black & Riegelman,* all of Racine, attorneys, and *Meldman, Ltd.,* of Milwaukee, co-counsel, joined and concurred in by *William E. Dye* of Racine, guardian *ad litem* for interested minors, and oral argument by *Mr. Wilbershide* and *Mr. Harley Brown.*

ROBERT W. HANSEN, J.   A great jurist of this century, the late Mr. Justice HUGO L. BLACK, was known for al-

ways keeping a copy of the United States Constitution in his pocket. When questions of constitutional law arose, the United States Supreme Court justice would open the booklet and say, "Now let's see what it says." In the case before us, it is not necessary to turn to the constitution or to the statute book. It is important, however, to keep clearly in mind exactly what the testator provided in his last will and testament.

In what the trial court found to be "disposal paragraphs" that are "clear and unambiguous," the will provided:

*To the wife:* The family home. . . $25,000. . . . all personal effects except one of two wooden chests brought from Hong Kong, China.

*To others:* To a sister: $50,000. . . to a brother: $25,000. . . to a nephew: $25,000. . . to two nieces: $10,000 each. . . to two nieces: $1,000 each. . . to a rabbi: $2,000. . . to two friends: $2,000 each. . . to a friend: $1,500.

*Trust fund:* The residue of the estate was placed in a trust fund. . . the net income to be paid to the wife. . . with the trustees authorized to encroach upon the corpus for "reasonable care, support and sustenance" of the wife.

*Termination:* Upon termination of the trust: to three children of a niece: $5,000 each. . . to three children of a niece: $1,000 each. . . with the balance of trust assets disposed of: to a nephew: two shares. . . to two nephews: one share each. . . to the sister: one share. . . to the brother: one share.

What the testator intended and accomplished is indeed clear and unambiguous. However, in paragraph six of the will, setting forth the "powers, duties, and discretions" of the executors in administering the estate and the trustees under the trust, the testator used 19 subparagraphs, concededly taken from a form book on trusts or wills. The last of the 19 subsections reads:

"(s) Any power, duty, or discretionary authority granted to the executors and trustees shall be void to

the extent that its exercise shall cause my estate to lose all or any part of the tax benefit afforded by the marital deduction under Federal or State laws."

Appellant argues that subparagraph (s) of paragraph six requires that the wife take more of the estate than the dispositive parts of the will provide. If such gift by implication is not located on the basis of ambiguity in the will, appellant argues that the will should be voided because of the inconsistency of subparagraph (s) with the rest of the will. Respondent answers that the subparagraph provides only for the voiding of powers if their exercise causes the estate to lose tax benefits within and subject to the dispositive provisions of the will.

The intent of the testator is discussed and debated in the briefs, but it is to be kept in mind that, unless there is ambiguity or inconsistency in the provisions of a will, there is no basis for interpretation of the language used or determination of actual intent. (*Estate of Gray* (1953), 265 Wis. 217, 221, 222, 61 N. W. 2d 467; *Will of Tousey* (1951), 260 Wis. 150, 154, 50 N. W. 2d 454.) In interpreting a will, the intent of the testator is to be determined from the will itself and the words of the will are to be construed so as to give effect to that intent. (*Estate of Buser* (1959), 8 Wis. 2d 40, 44, 98 N. W. 2d 425; *Will of Smith* (1940), 235 Wis. 66, 72, 292 N. W. 443.)

The trial court found that "no conflict or ambiguity exists between the statements in paragraph 6 (s) and the dispositions in this case [that] can be gotten from reading the will." We agree. The will provides for a complete and detailed disposition of the estate with specific beneficiaries named for each and every part of the estate. It is true that the testator could have given his wife the residue of the estate which would allow her to determine who would inherit the assets remaining on her death. But he did not do so. Instead, he estab-

lished a trust to provide for his wife's needs during her lifetime but himself naming the persons who would receive assets remaining on her death. Since the life interest in the trust does not qualify for the marital deduction, it follows that the wife was not awarded that 50 percent of the value of the adjusted gross estate that would give the maximum marital deduction. However, nowhere in the will is there any reference to a maximum possible marital deduction. One of 19 subparagraphs in one of eight paragraphs in the will mentions tax benefits. It relates, as we see it, to marital deduction tax benefits that can be taken advantage of under the provisions of this will, rather than maximum benefits possible regardless of what the will provides.

The devise to the wife of the residence, $25,000 and nearly all personal effects of the testator all qualify for "the tax benefit afforded by the marital deduction under Federal or State laws." The subparagraph on tax benefits is a command to the executors and trustees not to lose "all or any part" of this deduction. The subparagraph is addressed to executors as well as the trustees. If the determination would affect the value of the marital deduction assets, it could be involved in a choice of valuing assets of the estate upon death or up to six months later. (Int. Rev. Code, sec. 2032.) The subparagraph could control the exercise of discretion in determining what is corpus and what is income of the estate and trust where this would affect marital deductions. We join the trial court in finding subparagraph (s) of paragraph six not inconsistent with the rest of the will, joining also in holding the subparagraph as preserving all or any part of tax benefits only insofar as such preservation is consistent with the testator's express and specified disposition of his estate under the will. We find this construction entirely reasonable and buttressed by the rule that the law favors the construction of the provisions of a will so as to be consistent

with each other, rather than in conflict. (*Estate of Cordes* (1957), 1 Wis. 2d 1, 10, 82 N. W. 2d 920; *Estate of Lindsay* (1951), 260 Wis. 19, 22, 49 N. W. 2d 736.)

Affirming the trial court's construction of the will as not creating an ambiguity or inconsistency makes unavailable any and all of the various results sought by appellant. We hold the contested subparagraph (s) of paragraph six not to be a dispositive paragraph, but one of the terms regulating the administration of the will and trust and, as such, to be construed so as to give effect to all dispositive provisions of the will. All of the assets of the estate were bequeathed by the terms of the will, and no denial of bequest to a named beneficiary or gift by implication beyond the terms of the will or invalidation of the trust created is required, particularly not if a will ". . . is to be construed if possible so as to give effect to every part thereof and a construction is to be preferred which will sustain the provisions of the will rather than to defeat them. . . ." (*Estate of Buser, supra,* at page 44.) This ". . . construes the will only in the sense it follows the plain, . . . explicit commands of the will. Most lawyers and lay persons do not consider this a construction but rather a compliance with the express directions of the will. . . ." (*Estate of MacLean* (1970), 47 Wis. 2d 396, 401, 177 N. W. 2d 874.) We so consider it here.

*By the Court.*—Order affirmed.