ESTATE OF SNEEBERGER: BANK OF STURGEON BAY, Executor, and others, Appellants, v. SCHOENBRUNN, Guardian *ad litem,* and another, Respondents.

*No. 81. Argued March 27, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 662.)

For the appellants there was a brief and oral argument by *Thorval T. Toft* of Sturgeon Bay.

For the respondent Robert B. Schoenbrunn, guardian *ad litem,* there was a brief by *Schoenbrunn & Pankratz* and *James C. Pankratz,* all of Sturgeon Bay, and oral argument by *James C. Pankratz.*

ROBERT W. HANSEN, J.   The difficulty arises here because, while the testator and his wife did not jointly own the home in which they both lived, his will stated:

"With the exception of my home which I hold in joint tenancy with my wife, all the rest, residue and remainder of my estate I give, devise and bequeath to my trustee hereinafter named, upon the trusts herein prescribed."

Faced by the inapplicability of the "exception" clause, the trial court noted what is clearly the case ". . . that the testator was mistaken when he stated in his will that his home property was held in joint tenancy with his wife." The trial court further found that "The words in themselves are quite plain and unambiguous and present no problem in themselves for construction. . . ." Since there was no home held in joint tenancy with the wife, the trial court concluded that the will made no provision relative to the home, and it ". . . must of necessity, pass to his heirs as intestate property. . . ."

While not so designated, this is a reforming of the will to correct a mistake. The effect is that the trial court strikes from the will the phrase, "which I hold in joint tenancy with my wife," so that it reads: "With the exception of my home . . . I give, devise and bequeath . . . ." This can be described as an addition rather than a deletion. For under the trial court ruling, the correction actually places the words "do not" before "hold in joint tenancy" so that the rewritten will reads: "With the exception of my home which I [do not] hold in joint tenancy . . . I give, devise and bequeath . . ." In either event, the will has been judicially altered or reformed.

Whether something was stricken or something was added, the road taken by the trial court to get where it ended up was not open to travel. The first roadblock is the ". . . traditional doctrine that wills must not be reformed even in the case of demonstrable mistake. . . ." (*Estate of Gibbs* (1961), 14 Wis. 2d 490, 497, 111 N. W. 2d 413.) The second roadblock is that, even as to construing the provisions of a will, the ". . . cardinal rule [is] that the words of a will are to be construed so as to give effect to the intention of the testator . . . ." (*Estate of Buser* (1959), 8 Wis. 2d 40, 44, 98 N. W. 2d 425.) From the language of the will itself,

it is clear that the intention of the testator was that his wife was to have the beneficial enjoyment of his entire estate for life. Only after her death was any other person to receive any of the property. That he believed the home would go to her by law as a surviving joint tenant does not change or dilute such obvious intent. Holding the home to pass in intestacy is not giving effect to the intent of the testator.

The third roadblock is that there is here no necessity for either construction or reformation of this will. All that is needed is to apply it, as written, to the property as it is. The "exception" clause is not even that. It is no more than a recognition that jointly held property goes to the survivor by operation of law. As such, it is not subject to devise or bequest by will. If the questioned clause had read, "With the exception of any real property which I hold in joint tenancy with my wife . . . ," it is difficult to see where any problem of application would arise. If there proved to be no real property jointly held, the clause would be nonapplicable and all property in the name of the testator would go where the will provided. That the reference is to one piece of real estate instead of several does not change the situation. What would happen under the plural reference is what must happen under a singularized reference. In either event, the reference to jointly held property can apply only to property so held. The home of the parties, title being solely in the name of the testator at the time of his death, is part of the "rest, residue and remainder" placed in trust. If it is placed by the trustee in Trust A, the wife will have the power to require the trustee to give her sole title. If it is placed by the trustee in Trust B, the wife, entitled to the income from such trust, receives the rent on the home which she could elect to receive by living in the home. This happens to be an approximation of what the testator expected would happen to the home by operation of law. However, the

result here reached is required not by what he expected would happen by operation of law to jointly held property but rather by what he provided in his will was to happen to property in his name at the time of his death.

*By the Court.*—Order reversed and cause remanded for further proceedings in accordance with this opinion.